William Q. D'ONOFRIO, Appellant,

v.

SUN OIL COMPANY, Appellee.

No. 13974.

United States Court of Appeals
Sixth Circuit.

April 14, 1960.

Donald P. Traci, Cleveland, Ohio (Craig Spangenberg of Spangenberg, Hasenflue & Shibley, Cleveland, Ohio, on the brief), for appellant.

H. Stephen Madsen, Cleveland, Ohio (Albert J. Williams, Baker, Hostetler & Patterson, Cleveland, Ohio, on the brief), for appellee.

Before MARTIN, MILLER and WEICK, Circuit Judges.

PER CURIAM.

This case involves the construction of an indemnity clause contained in a Dealer's Agreement entered into between appellee, Sun Oil Company and appellant, a filling station operator who was the Dealer in said agreement.

The clause is as follows:

12. Indemnification. Dealer hereby agrees to protect, indemnify and save harmless the Company from any and all losses, damages, claims, suits or costs which shall rise or grow out of any injury to any person or persons or any property (including the person or property of Dealer or Dealer's employees) caused by or resulting in any way from the operation, installation, use, repair or condition of the equipment or signs used for the sale, advertising, storage or delivery of Sunoco products.

The Dealer sustained serious personal injuries while greasing an automobile elevated on a hoist at his filling station. The hoist collapsed and dropped down on him. The hoist belonged to the Dealer but had been repaired by Sun a short time prior to the accident. The Dealer sued Sun in the District Court to re- cover damages for personal injuries claiming that negligence of Sun in the repair of the hoist caused his injuries. The District Court granted Sun's motion for summary judgment and dismissed the complaint on the ground that the claim fell within the scope of the indemnity agreement.

The Dealer contends in his appeal that the clause should be strictly construed; that the intention to provide indemnification against one's own negligence must be clearly expressed in unequivocal language; that such intention was not so expressed here. Dingledy Lumber Co. v. Erie R. Co., 102 Ohio St. 236, 131 N.E. 723; Kay v. Pennsylvania R. Co., 156 Ohio St. 503, 103 N.E.2d 751; General Accident Fire & Life Assurance Corp., Ltd. v. Smith & Oby Co., 6 Cir., 1959, 272 F.2d 581.

He claims that the hoist belonged to him and not to Sun; that the contract did not use the word negligence and hence does not indemnify Sun from its own negligence; that the Dealer never intended to indemnify Sun from its own negligence.

In the General Accident case, supra, in applying Ohio law, we held that the contract need not use the word negligence and that the clearly expressed language of the agreement in that case embraced all claims whether resulting from negligence or in some other manner.

The indemnity clause in the present case covered *any* and *all* claims growing out of *any* injury to *any* person or *any* property including the person and property of the Dealer or his employees caused in *any* way from the operation, installation, use, repair or condition of the equipment used for the sale or delivery of Sunoco products.

The hoist was used by the Dealer in connection with the sale and delivery of grease supplied by Sun. As pointed out by the District Judge, the indemnity clause specifically covered the matter of repairs to the equipment. A fair reading of the agreement indicates to us that it applied to all equipment used by

the Dealer in the sale and delivery of Sun's products whether owned by him or loaned to him by Sun. We can only determine the intention of the parties by the words which they used in the agreement.

In our judgment, the clear language of the clause afforded indemnity to Sun from the negligence claimed. District Judge Jones was right in granting the motion for summary judgment and his judgment is, therefore, affirmed.