278 F.2d 191
 Herbert B. RAM; Esther B. Ram; Sam Bogoslawsky; Jacob
Bogoslawsky; and Max Bogoslawsky, Appellants,
v.
PARAMOUNT FILM DISTRIBUTING CORPORATION; Universal Film
Exchanges, Inc.; Loew's Incorporated; United Artists
Corporation; RKO Radio Pictures, Incorporated; Columbia
Pictures Corporation; Twentieth Century-Fox Film
Corporation; Warner Brothers Pictures Distributing
Corporation, Appellees.
 No. 8057.
 United States Court of Appeals Fourth Circuit.
 Argued March 15, 1960.
Decided April 18, 1960.
 
 William R. Glendon, New York City (Augustus T. Graydon, Columbia, S.C., John F. Whicher, New York City, C. T. Graydon, Columbia, S.C., Royall, Koegel, Harris & Caskey, and Sargoy & Stein, New York City, on brief), in support of motion to dismiss appeal.
 Isadore S. Bernstein, Columbia, S.C. (Lonnie A. Garvin, Aiken, S.C., on brief), in opposition to motion to dismiss appeal.
 Before SOBELOFF, Chief Judge, and SOPER and BOREMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 These cases come before the court on a motion of the appellees to dismiss the appeal on the ground that it was not taken within thirty days from the judgments appealed from, as required by Rule 73 of the Federal Rules of Civil Procedure, 28 U.S.C.A. Identical complaints were brought by certain motion picture distributors, the appellees, to recover certain moneys claimed to be due from certain exhibitors of films, the appellants, who were under contract to pay to the distributors a fixed sum or a percentage of the gross receipts obtained from admissions. After issue was joined the cases were referred to a Special Master to take testimony and report his findings of fact and conclusions of law to the court. The Special Master consolidated all of the actions for trial, heard the testimony of the parties, and filed a report of his findings of fact and conclutions of law on 23 December 1958, in which he found for the plaintiffs and recommended separate money judgments against each defendant in specified amounts, which included interest at 3 per cent per annum from 1 October 1958 to the date of judgment.
 
 
 2
 Exceptions to the report were filed by the defendants but after hearing were overruled by the District Judge, who thereupon, on 9 September 1959, passed an order of judgment in which he overruled the exceptions and 'ordered that judgment be entered in favor of the plaintiffs and against the defendants in accordance with the report, findings of fact, and conclusions of law of the Special Master.' On 10 September 1958 the Clerk of the Court made the following entry on his docket: 'Order confirming Special Master's report and so forth and for judgment, copies to counsel.'
 
 
 3
 Thereafter, on 30 September 1959, the plaintiffs submitted to the Clerk in each of the cases a document entitled 'Final Judgment' setting forth the amount of damages due to each plaintiff from each defendant or group of defendants with interest from date thereof. The calculations, however, were incorrect since the amounts included interest from 1 October 1958 to 30 September 1959 on the amounts found by the Special Master, and since the Special Master's calculations included interest up to 1 October 1958 the document submitted to the Clerk on 30 September 1959 included interest on interest. These documents were not signed by the judge but by the clerk and were entered by him on his docket on 3 October 1959.
 
 
 4
 The question for decision is: whether the judgment signed by the District Judge on 9 September 1959 and entered by the Clerk on his docket on 10 September 1959 was the final judgment of the court, or whether the document submitted to the Clerk on 30 September 1959 and signed by him and entered on his docket on 3 October 1959 constituted the final judgment of the court. Rule 58 provides that when the court directs that a party recover only money or costs the Clerk shall enter judgment forthwith, upon receipt by him of the direction, and also provides that notation of the judgment in the civil docket, provided by Rule 79(a), constitutes the entry of the judgment.
 
 
 5
 The notice of appeal was filed in this case on 2 November 1959 and contained the statement that the appeal was taken from the order of the District Judge dated 9 September 1959. It follows that if this judgment which was entered by the Clerk on 10 September 1959 be considered the final judgment of the court, the appeal was not taken within 30 days from the entry thereof, but if the document entitled 'Final Judgment' which was signed by the Clerk and entered on his docket on 3 October 1959 be considered the final judgment of the court, the appeal was taken in time.
 
 
 6
 In our opinion, the case is ruled by the decision of the Supreme Court in United States v. F. & M. Schaefer Brewing Co., 356 U.S. 227, 78 S.Ct. 674, 2 L.Ed.2d 71.[1] In that case the plaintiff sued the Government for $7,189.59 for federal stamp taxes illegally collected from it and for interest thereon from the date of payment and moved for summary judgment. The District Judge, after hearing the motion, filed an opinion, 130 F.Supp. 322, on 14 April 1955 in which he found that the plaintiff had paid stamp taxes in the sum of $7,012.50 and interest in the amount of $177.07 but made no finding of the date or dates of payment. He concluded his opinion by saying that the plaintiff's motion for summary judgment was granted. On the same day the Clerk noted on his docket that the motion for summary judgment was granted. Thereafter, on 24 May 1955, plaintiff presented to the judge and the latter signed a formal document entitled 'Judgment' wherein it ordered and adjudged that the plaintiff recover from the United States the sum of $7,189.57 with interest and costs, amounting in all to $7,769.37, and on the same day the Clerk entered this judgment on his docket.
 
 
 7
 On 21 July 1955 the United States filed an appeal from the action taken by the court on 25 May 1955. When the case reached the court of appeals a motion was made to dismiss the appeal on the ground that it was not taken within the period of 60 days allowed by Rule 73(a) for an appeal by the United States from an adverse judgment. It was contended by the plaintiff that the final judgment was not entered on 24 May but on 14 April and therefore the appeal was too late. The court of appeals, 236 F.2d 889, so held but the Supreme Court reversed. It rejected the Government's contention that a final judgment must be contained in a separate document and may not be included in an opinion. The Court said that a judgment may be embodied in the opinion of the court but if so it must clearly appear that the opinion represents the final decision of the judge and embody the essential elements of a final judgment. It held that the judge had failed to do this because his opinion did not fix the dates on which the stamp taxes were paid and therefore it was impossible to calculate the amount of interest to be added to the principal sum which the plaintiff was entitled to recover and therefore the final judgment was not entered until 25 May, when the total amount to be recovered was ascertained and set forth.
 
 
 8
 This opinion establishes the rule that a money judgment may not be deemed final unless it determines or specifies the means of determining the specific amount of the recovery. Applying this rule to the pending case, we hold that the final judgment was entered on 10 September 1959, for although the total sum to be paid was not set out, it was determinable from the statement that a specific sum was due by each defendant with interest at 3 per cent from 1 October 1958.
 
 
 9
 We must therefore grant the motion to dismiss the appeal, although we think that confusion will be avoided and greater certainty will be obtained if a final judgment is contained in a separate instrument and, in case of a money judgment, the total amount of the recovery is specifically set out. We especially direct the attention of the district courts to this recommendation. In the pending case the amounts to be paid by the several defendants should be recalculated in accordance with the judgment of the court of 9 September 1959 since it is conceded that they are incorrectly set forth in the documents prepared by the plaintiffs and signed by the Clerk on 30 September 1959.
 
 
 10
 Motion to dismiss granted.
 
 
 
 [1]
 See Beacon Federal Savings & Loan Ass'n v. Federal Home Loan Bank Board, 7 Cir., 266 F.2d 246; Barta v. Oglala Sioux Tribe of Pine Ridge Reservation, 8 Cir., 259 F.2d 553