Mary A. BUCHANAN, as personal representative of the estate of Gordon Buchanan, Jr., Plaintiff–Appellee, Cross–Appellant,

v.

UNITED STATES of America, Defendant–Appellant, Cross–Appellee.

Nos. 95–3057, 95–3145.

United States Court of Appeals, Seventh Circuit.

Argued April 8, 1996.

Decided April 9, 1996.

John F. Lesch, Nisen & Elliott, Chicago, IL, John P. Coleman (argued), Marshal I. McMahon, Jr., Jenny McMahon, McMahon & Elliott, Chicago, IL, Eugene L. Mahoney (argued), William D. Clifton, William D. Clifton, Mahoney & Associates, Chicago, IL, for Mary A. Buchanan.

Gary R. Allen, Bruce R. Ellisen, David A. Shuster (argued), Department of Justice, Tax Division, Appellate Section, Washington, DC, Gerald H. Parshall, Jr., Eugene J. Rossi, Samuel D. Brooks, Department of Justice, Tax Division, Washington, DC, Ann L. Wallace, Office of United States Attorney, Civil Division, Chicago, IL, for U.S. in No. 95–3057.

Gary R. Allen, Bruce R. Ellisen, David A. Shuster (argued), Department of Justice, Tax Division, Appellate Section, Washington, DC, Gerald H. Parshall, Jr., Eugene J. Rossi, Department of Justice, Tax Division, Washington, DC, Thomas P. Walsh, Office of United States Attorney, Civil Division, Chicago, IL, for U.S. in No. 95–3145.

Before POSNER, Chief Judge, and ROVNER and EVANS, Circuit Judges.

PER CURIAM.

█ The government appeals from a judgment in favor of the taxpayers in a tax refund suit. The first and last question that we consider is whether we have jurisdiction over the appeal. We do not if the district court's judgment was not final, 28 U.S.C. § 1291, which in a suit for monetary relief that ends in victory for the plaintiff it would not be if it failed to specify either the amount of money due the plaintiff or a formula by which that amount of money could be computed in mechanical fashion. *United States v. F. & M. Schaefer Brewing Co.,* 356 U.S. 227, 78 S.Ct. 674, 2 L.Ed.2d 721 (1958); *Herzog Contracting Corp. v. McGowen Corp.,* 976 F.2d 1062, 1064 (7th Cir.1992).

█ The suit sought a refund of taxes paid in 1986 and 1987. The complaint alleged that the taxpayers were entitled to deduct a nonbusiness bad debt that had become completely worthless in 1986. The deduction, they claimed, entitled them to a refund of $106,378 for 1986 and $436,073 for 1987, and they sought these amounts plus interest. The government denied that the debt had become worthless in either year. Both sides moved for summary judgment. The taxpayers' motion asked the judge to rule that the debt had become worthless in either 1986 or 1987. The district judge denied the government's motion but granted the taxpayers'. In his opinion he found, in accordance with the taxpayers' motion, that the debt had become worthless in either year. He did not say which one. The judgment accompanying the opinion says merely that the government's motion for summary judgment is denied and the taxpayers' is granted. The judgment does not state the amount of refund to which the taxpayers are entitled.

At a hearing on several post-judgment motions the government's lawyer pointed out that the amount of the refund due the taxpayers depended on whether the debt had become worthless in 1986 or 1987, since if it had not become worthless until 1987 they were not entitled to take a deduction in 1986. They would be entitled to a larger deduction in 1987 but how much larger is unclear because the taxpayers may have been in differ-

ent tax brackets in the two years; and the amount of interest due them would be less. To resolve the issue, one of the taxpayers' lawyers said he would be willing to make a deal to take the entire deduction in 1987, but the other seems to have disagreed. The court said, "You now know the people that you need to talk to.... If you come back before me to alter or amend by stipulation, I would certainly assume that I wouldn't have any real problem with that." The parties did not, however, discuss the issue further, or move to amend the judgment to insert a sum certain or a formula for mechanically ascertaining that sum.

The consequence is that there is no final judgment. No one knows exactly what the plaintiffs are entitled to, and the plaintiffs in their brief in this court have retracted the offer of one of their lawyers to confine the deduction to 1987. Because the district judge made no finding as to whether the debt became worthless in 1986 or 1987, we have no idea what amount he thought the plaintiffs were due. He no doubt expected, reasonably so, that the parties would tie up this loose end, making it unnecessary for him to do so.

Because there is no final judgment, we must dismiss the appeal. If the parties are able to agree on what amount is due the plaintiffs if they prevail on appeal, the district judge will no doubt enter judgment in that amount and the government can file a new appeal, which will be assigned to this panel without need for submission of new briefs, or further argument, on the merits. If the parties do not agree on what amount is due, the district judge will have to make a determination whether the debt became worthless in 1986 or 1987, and then enter judgment for the amount of refund implied by the determination, before a new appeal can be filed and the matter resubmitted to this panel.

■ This is an unfortunate detour en route to a final resolution of this case. It is necessitated by the failure of the parties, and in particular the taxpayers' lawyers, to bring the nonfinality of the district court's judgment forcefully to the district judge's attention, as well as the failure of the clerk of the Northern District of Illinois to enter judgments in proper form. A judgment that does not recite the relief granted but merely states that the plaintiff's motion for summary judgment is granted is, on its face, likely to be nonfinal. We trust that the district judge will expedite the further proceedings in this case so that the dispute over the taxpayers' entitlement to a refund can finally be resolved.

■ The taxpayers' cross-appeal, which challenges the district judge's denial of Rule 11 sanctions, falls with the government's appeal. *McCright v. Santoki*, 976 F.2d 568 (9th Cir.1992) (per curiam). Although a sanctions order is collateral, and the cross-appeal filed by the taxpayers in this case is timely without regard to the government's appeal, the judge's denial of the request for sanctions cannot be considered final until the litigation in the district court is at an end, since the further conduct of the parties in the further proceedings on remand that we are ordering may cast the request for sanctions in a new light. Cf. *McKesson Corp. v. Islamic Republic*, 52 F.3d 346, 353 (D.C.Cir.1995). Both appeals, therefore, must be

DISMISSED.