OPINION
Plaintiffs, Andrew and Pam Gordon, commenced this action in the small claims division of the Xenia Municipal Court on December 1, 1998. The Gordons asked for a judgment of $3,000, plus costs, against their landlord, Defendant, Delbert Morris, Jr. As grounds for relief, the Gordons stated: "We was moving out and landlord had the locks changed and we still have a lot (sic) of stuff in the house and cannot get them."
Defendant Morris was served with the small claims summons and complaint, and on December 11, 1998 he filed an answer and counterclaim. The answer denied the Gordons' claims. The counterclaim sought a judgment for unpaid rent at the rate of $500 per month that the Gordons allegedly owed. Defendant Morris also filed a motion to transfer the action to the general division of The Xenia Municipal Court. The case was transferred on December 31, 1998.
On April 1, 1999, the Gordons filed an answer to Defendant Morris' counterclaim. That same date they filed an amended complaint, with leave of court. The amended complaint alleged operative facts consistent with their complaint in small claims. It likewise sought damages in the amount of $3,000, plus punitive damages, costs, and attorney fees. The amended complaint further stated that the Plaintiff's claims were brought pursuant to R.C.5321.15, which authorizes claims by tenants against landlords who seize the tenant's property, and for conversion.
Morris filed an answer to the amended complaint on April 19, 1999, denying any liability and asking that the Plaintiffs' claims be dismissed. The pleading neither contained nor made any reference to the counterclaim that Morris had filed previously.
The case came on for hearing on September 10, 1999. The court heard the testimony of five witnesses. On October 15, 1999 the court issued written findings of fact and conclusions of law, and consistent with them the court entered judgment for the Gordons, the Plaintiffs, in the amount of $1,000 as and for punitive damages and $1,462.50 as and for attorneys fees. The court awarded the Gordons no compensatory damages, however. Further, the court did not determine Defendant Morris' counterclaim, stating:
 A complaint was filed in this case, and the Defendant answered and added his counterclaim. The Plaintiffs then amended their complaint on April 1, 1999, and the Defendant filed an answer on April 19, 1999. In the Defendant's answer to the Plaintiffs' amended complaint, there was no counterclaim. The Court finds that the Defendant has in fact no counterclaim pending before this Court. Despite that fact, so that the parties understand the Court's ruling, the Court will make findings as to the amounts claimed by the Defendant and testified to in court., Defendant Morris filed a timely notice of appeal from the court's judgment. Morris presents three assignment of error for review.
 FIRST ASSIGNMENT OF ERROR THE COURT ERRED IN HOLDING THAT THERE WAS NO COUNTERCLAIM BEFORE THE COURT.
It appears from the trial court's judgment entry, quoted above, that the court held that Defendant Morris' failure to re-state his counterclaim when he filed an answer to the amended complaint on April 19, 1999 operated to relieve the court of any duty to determine Morris' claim for relief on its merits and to enter judgment accordingly. We do not agree.
Civ.R. 58(A) states:
 Preparation; entry; effect. Subject to the provisions of Rule 54(B), upon a general verdict of a jury, upon a decision announced, or upon the determination of a periodic payment plan, the court shall promptly cause the judgment to be prepared and, the court having signed it, the clerk shall thereupon enter it upon the journal. A judgment is effective only when entered by the clerk upon the journal.
 The rule imposes a duty on the court to prepare and journalize a judgment "upon a decision announced." The court is obligated to decide all claims for relief in the pleadings, which pursuant to Civ.R. 8(A) includes any counterclaim. The court entered no judgment, as such, on Morris' counterclaim.
The ruling that the court made, holding that Defendant Morris had no counterclaim pending before the court for decision, implicates the provisions of Civ.R. 13(A) governing compulsory counterclaims. That rule states, inter alia: "A party shall stateas a counterclaim any claim which at the time of serving thepleading the pleader has against any opposing party, if it arisesout of the transaction or occurrence that is the subject matter ofthe opposing party's claim." Failure to assert a compulsorycounterclaim is a res judicata bar which, pursuant to Civ.R. 8(C),is an affirmative defense. Independent Ins. Agents of Ohio, Inc.v. Duryee (1994), 95 Ohio App.3d 7. Failure to assert thataffirmative defense operates as a waiver. Struzynski v. BordenChemical Div. of Borden, Inc. (1989), 57 Ohio App.3d 118.,Plaintiffs, the Gordons, did not assert the res judicata bar as anaffirmative defense in the answer to Morris' counterclaim that theyfiled on April 1, 1999. Nevertheless, the court sua sponte, determined that the counterclaim was not before the court, apparently for much the same reason.
A civil action is commenced by the filing of a complaint, if service is obtained on the adverse party within one year. Civ.R. 3(A). An amended complaint filed pursuant to Civ.R. 15(A) supersedes the prior complaint and, though it relates back for statute of limitations purposes, otherwise commences the action anew. However, Civ.R. 13(A) does not operate to require a party who files a pleading responsive to the amended complaint to then re-file a counterclaim that was filed previously. Civ.R. 13(A) states, inter alia: "But the pleader need not state the claim if . . . at the time the action was commenced the claim was the subject of another pending action."
Morris' counterclaim was the subject of a pending action when the Gordons filed their amended complaint. The amended complaint commenced a new and different action. However, the counterclaim was unaffected because it was then the subject of another pending action. Therefore, it was outside the requirements of Civ.R. 13(A), and Morris was not required to re-file it pursuant to the rule. The trial court erred to the extent that it otherwise held.
The findings and conclusions that the trial court entered indicate that the court found that Morris' claim for unpaid rent was satisfied by the amount of the Gordons' security deposit that Morris had retained. That recitation does not satisfy Civ.R. 58(A), which requires preparation and journalization of a judgment. Therefore, Morris' claims remains undetermined.
Absent any certification by the court that there is no just reason to delay appellate review of the judgment it rendered for the Gordons, which is unwarranted when the claims arise from the same transaction, the action before the trial court was not terminated as to the Gordons' claims. Civ.R. 54(B). Therefore, the judgment the court entered for the Gordons is not final or appealable. Hughes v. Miner (1984), 15 Ohio App.3d 141. Lackinga final judgment or order to review, this court has nojurisdiction to determine the error assigned. General Acc. Ins.Co. v. Insurance Co. of North America (1989), 44 Ohio St.3d 17.
Our finding that we lack jurisdiction in this proceeding requires us to dismiss the appeal and remand the case for further proceedings on the claims for relief involved. Those include not only Morris' counterclaim but also the Gordons' claims, which per Civ.R. 54(B) remain subject to revision. We commend the trial court to consider whether the judgment it entered for the Gordons should be revised to award compensatory damages in a nominal amount to permit the award of punitive damages on their conversion claim that the court entered.
 __________________________ GRADY, P.J.
BROGAN, J. and FAIN, J., concur.