**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 27 2003**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

SOUTHERN UTAH WILDERNESS
ALLIANCE and the SIERRA CLUB,

     Plaintiffs - Appellees,

v.

THE BUREAU OF LAND
MANAGEMENT,

     Defendant - Appellee,

and

SAN JUAN COUNTY, UTAH;
TYLER LEWIS, San Juan County
Commissioner; KANE COUNTY,
UTAH; and GARFIELD COUNTY,
UTAH,

     Defendants - Appellants.

No. 01-4173
(D.C. No. 96-CV-836C)
(D. Utah)

---

NATURAL RESOURCES DEFENSE
COUNCIL, NATIONAL PARKS &
CONSERVATION ASSOCIATION,
THE WILDERNESS SOCIETY,
ALASKA CENTER FOR THE
ENVIRONMENT, ALASKA
WILDERNESS LEAGUE,
SOUTHEAST ALASKA
CONSERVATION COUNCIL,
NORTHERN ALASKA
ENVIRONMENTAL CENTER,

     Amici Curiae.

## ORDER AND JUDGMENT[*]

Before **TACHA**, Chief Judge, **HOLLOWAY**, and **EBEL**, Circuit Judges.

Defendants-Appellants, three Utah counties and one of their commissioners (collectively "the Counties"), seek to appeal the district court's order upholding a Bureau of Land Management (BLM) determination against them and the Counties also seek to strike the BLM's reply to their appeal as untimely. The district court decision below upheld the BLM's denial of all but one of the Counties' claims to certain rights-of-way over federal land. We need not reach the merits of the Counties' arguments, however, because we find that we lack jurisdiction to hear this appeal. The district court's order neither granted injunctive relief nor damages as requested, and therefore is not a final decision as required for the exercise of appellate jurisdiction under 28 U.S.C. § 1291, nor is it an appealable interlocutory decision under 28 U.S.C. § 1292(a)(1).

Accordingly, we **DISMISS** the appeal for lack of jurisdiction and **DENY** the Counties' motion to strike the BLM's response as moot.

---

[*] This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

## BACKGROUND

Because we are dismissing this case for lack of appellate jurisdiction, we will not extensively discuss the facts relevant to the substantive issues implicated in this case. We will, however, briefly review the factual basis of the Counties' claim and the procedural posture of the dispute in order to explain why the district court's grant of summary judgment is not appealable at this time.

The three Utah counties in this case attempted to construct roads through federal wilderness without the permission of the federal government. The Southern Utah Wilderness Alliance (SUWA) and the Sierra Club filed suit against the Counties in federal district court to enjoin their actions, and the environmental organizations added the United States as a party. Proceedings were suspended for the Bureau of Land Management (BLM) to study whether the Counties were entitled to the land under the right-of-way provision that they asserted.[1] The BLM ultimately agreed with the environmental organizations that the Counties did not have valid claims to most of the land.

---

[1] This right-of-way provision was R.S. 2477, which provided that "the right-of-way for the construction of highways over public lands, not reserved for public uses, is hereby granted." R.S. 2477, recodified at 43 U.S.C. § 932 (1938) (repealed). R.S. 2477 was repealed on October 21, 1976 by the Federal Land Policy and Management Act (FLPMA), but claims in existence at the time of its repeal were to be honored thereafter. FLPMA, § 706(a), Pub. L. No. 94-579, 90 Stat. 2743, 2793 (1976).

SUWA and the Sierra Club thereafter filed a "motion for summary judgment" in the federal district court proceeding to enforce the conclusion of the BLM's report. They prayed for declaratory judgment and for injunctive relief. The federal government joined the SUWA and Sierra Club's motion, and also requested damages for trespass. The district court properly interpreted the motion for summary judgment as an appeal of informal agency action rather than treating it as a summary judgment motion. SUWA v. Dabney, 222 F.3d 819, 824 n.4 (10th Cir. 2000) (citing Olenhouse v. Commodity Credit Corp., 42 F.3d 1560, 1579 - 80 (10th Cir. 1994)). As the BLM is the agency charged with the management of federal lands, the district court reviewed the BLM's decision under the arbitrary and capricious standard of the Administrative Procedure Act (APA). It found substantial evidence for the BLM's decision and affirmed the agency's determination regarding the merit of the Counties' claims.

The district court's order, however, did not dispose of all requests the parties made in their motions. The environmental groups requested declaratory judgment and injunctive relief; the federal government had requested damages. The district court, though, merely reviewed the BLM's decision; it effectively granted declaratory judgment, but failed to rule on the pending requests for injunctive relief or for damages.

The Counties now appeal, and SUWA, the Sierra Club, and the BLM filed a series of cross-motions. We find that we need not reach the merits of the case because we lack jurisdiction to hear it under 28 U.S.C. § 1291.

## DISCUSSION

Under 28 U.S.C. § 1291, federal courts of appeal have jurisdiction to review only the "final decisions" of district courts.[2] 28 U.S.C. § 1291. A final decision is one that fully resolves all claims for relief. Liberty Mutual Ins. Co v. Wetzel, 424 U.S. 737, 744 (1976).

Orders that leave the "assessment of damages or [the] awarding of other relief . . . to be resolved have never been considered to be 'final' within the meaning of 28 U.S.C. § 1291." Id.; see also McKinney v. Gannett Co., Inc., 694 F.2d 1240, 1246 (10th Cir. 1982) (finding judgments that merely determine liability cannot be final under 28 U.S.C. § 1291). On its face then, "[a] judgment that does not recite the relief granted but merely states that the plaintiff's motion for summary judgment is granted is . . . likely to be nonfinal." Buchanan v. United States, 82 F.3d 706, 708 (7th Cir. 1996).

---

[2] The applicable text of 28 U.S.C. § 1291 reads: "The courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States . . . ."

Unless there is a certification pursuant to Federal Rule of Civil Procedure 54(b), "any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties" for purposes of appeal. Fed. R. Civ. P. 54(b); 10 Charles Alan Wright et al., Federal Practice and Procedure § 2656, at 47 (3d ed. 2002) ("No ruling can be appealed until a certification is obtained under Rule 54(b) or until all the remaining issues in the case have been decided."). Here the district court made no certification under Rule 54(b) that the parties' claims could be separately adjudicated. Even if the district court's order were to adjudicate one issue in its entirety, but fail to adjudicate the remainder of the parties' claims, we would not hear the appeal. See Harolds Stores, Inc. v. Dillard Department Stores, Inc., 82 F.3d 1533, 1541 (10th Cir. 1996); Bristol v. Fibreboard Corp., 789 F.2d 846, 848 (10th Cir. 1986).

The district court's order was not final as required by 28 U.S.C. § 1291, and we therefore lack jurisdiction to hear the Counties' appeal. The various parties requested three remedies from the district court: declaratory judgment, injunctive relief, and damages. The sum of the district court's order was that the "BLM's determinations regarding the validity . . . of the rights-of-way claimed by the Counties are AFFIRMED." Although this may constitute a declaratory

- 6 -

judgment, it cannot be construed as specific injunctive relief or a method for calculating damages.

We find no injunction present in the district court's order in either form or effect. We are particularly careful to examine the language of a district court's order when injunctive relief may be at stake. Under Federal Rule of Civil Procedure 65(d), injunctions must "set forth the reasons for [their] issuance, . . . be specific in terms; . . . [and] describe in reasonable detail . . . the act or acts sought to be restrained . . . ."

The language of the district court's order simply affirmed the BLM's determinations regarding the Counties' claims to the rights-of-way; it did not attempt to control the parties' actions in any manner. See Schmidt v. Lessard, 414 U.S. 473, 476 (1974) (per curiam) ("[T]he specificity provisions of Rule 65(d) are no mere technical requirements. The Rule was designed to prevent uncertainty and confusion on the part of those faced with injunctive orders, and to avoid the possible founding of a contempt citation on a decree too vague to be understood.") By its omission of any words of command, the district court's order fundamentally failed to describe what behaviors might be acceptable and what might not. Keyes v. School Dist. No. 1, Denver, Colo., 895 F.2d 659, 668 (10th Cir. 1990) (noting that "an injunction [must] be reasonably specific in identifying what acts are prohibited or required, both to give notice to the

defendant of what is prohibited, and to guide an appellate court in reviewing the defendant's compliance or noncompliance with the injunction.").

An order that does not expressly grant or deny an injunction, but has the practical effect of doing so, may possibly be appealable under § 1292(a)(1) if "a litigant can show that an interlocutory order of the district court might have a 'serious, perhaps irreparable consequence,' and that the order can be 'effectively challenged' only by immediate appeal . . . ." Carson v. American Brands, Inc., 450 U.S. 79, 84 (1981); Gillis v. United States Dep't of HHS, 759 F.2d 565, 567 (6th Cir. 1985). The Counties, however, make no showing here of consequences, serious, irreparable, or otherwise.

We similarly find no ruling on the claim for damages in the district court's order. An order involving a claim for damages will be considered final for purposes of appeal only where any remaining calculation of damages is ministerial and can be made pursuant to a predetermined procedure. Albright v. UNUM Life Ins. Co. of America, 59 F.3d 1089, 1093 (10th Cir. 1995) (citing Goodman v. Lee, 988 F.2d 619, 626 - 27 (5th Cir. 1993) (per curiam)). The district court's brief affirmation of the BLM's determination regarding rights-of-way here establishes no formula for how or if the federal government should be awarded damages for trespass.

**CONCLUSION**

Accordingly, we **DISMISS** for lack of jurisdiction.  We also **DENY** the Counties' motion to strike the government's response as moot.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge