**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-2096**

SAMUEL CALDERON, individually and on behalf of other
similarly situated individuals; MICHAEL HEADLEY; AARON
KULSIC; KENNETH MILLER; MICHAEL CREAMER; GEORGE WOOD;
ROBERT DEMARTINO; JOHN HALLIDAY; JAMES L. HANSON; THOMAS F.
BRADY; DANA FERRIN; MAUREEN AYLING; CANDIDO CUBERO; THOMAS
FITZGERALD; WILLIAM DOLINSKY; MARVIN HOURIGAN; DAVID
MCCAMLEY; AUGUSTUS STANSBURY, JR.; JOAN BISCHOFF; RANDALL
GIBSON; VINCENT GRECO; TERESA HARTEY-ADAMETZ; THOMAS LOWE;
DAVID MCENRY; JENNIFER RICCA; ANITA SINGH; BRYAN UTTERBACK;
PATRICK WEISE; LEAH HAMILTON; DENNIS FULTON; EBERHARD
GROSSER; JOSEPH MILES, JR.; RICKY MCCRACKEN; THOMAS
STURGIS; CHRISTOPHER SULLIVAN; MICHAEL RUSSELL; RANDALL
STEWART; LAVERNE HOLMES; THOMAS DAVIDSON, JR.; SHANNON
BOYD; ANTHONY DEAN, JR.; FRANCISCO NOGALES; JOHN GHETTI;
GERALD DEXTER; CLAUDE REIHER; STEVEN MCBRIDE; PHILLIP
RONDELLO; ROBERT MERRY,

        Plaintiffs - Appellees,

    v.

GEICO GENERAL INSURANCE COMPANY; GOVERNMENT EMPLOYEES
INSURANCE COMPANY,

        Defendants – Appellants,

    and

GEICO CORPORATION; GEICO INDEMNITY COMPANY; GEICO CASUALTY
COMPANY; DOES 1-10; MICHAEL BROWN,

        Defendants.

SAMUEL CALDERON, individually and on behalf of other similarly situated individuals; MICHAEL HEADLEY; AARON KULSIC; KENNETH MILLER; MICHAEL CREAMER; GEORGE WOOD; ROBERT DEMARTINO; JOHN HALLIDAY; JAMES L. HANSON; THOMAS F. BRADY; DANA FERRIN; MAUREEN AYLING; CANDIDO CUBERO; THOMAS FITZGERALD; WILLIAM DOLINSKY; MARVIN HOURIGAN; DAVID MCCAMLEY; AUGUSTUS STANSBURY, JR.; JOAN BISCHOFF; RANDALL GIBSON; VINCENT GRECO; TERESA HARTEY-ADAMETZ; THOMAS LOWE; DAVID MCENRY; JENNIFER RICCA; ANITA SINGH; BRYAN UTTERBACK; PATRICK WEISE; LEAH HAMILTON; DENNIS FULTON; EBERHARD GROSSER; JOSEPH MILES, JR.; RICKY MCCRACKEN; THOMAS STURGIS; CHRISTOPHER SULLIVAN; MICHAEL RUSSELL; RANDALL STEWART; LAVERNE HOLMES; THOMAS DAVIDSON, JR.; SHANNON BOYD; ANTHONY DEAN, JR.; FRANCISCO NOGALES; JOHN GHETTI; GERALD DEXTER; CLAUDE REIHER; STEVEN MCBRIDE; PHILLIP RONDELLO; ROBERT MERRY,

        Plaintiffs - Appellants,

     v.

GEICO GENERAL INSURANCE COMPANY; GOVERNMENT EMPLOYEES INSURANCE COMPANY,

        Defendants – Appellees,

     and

GEICO CORPORATION; GEICO INDEMNITY COMPANY; GEICO CASUALTY COMPANY; DOES 1-10; MICHAEL BROWN,

        Defendants.

Appeals from the United States District Court for the District of Maryland, at Greenbelt. Roger W. Titus, Senior District Judge. (8:10-cv-01958-RWT)

Argued: May 13, 2014          Decided: June 6, 2014

Before TRAXLER, Chief Judge, KING, Circuit Judge, and DAVIS, Senior Circuit Judge.

---

Appeals dismissed by published opinion. Chief Judge Traxler wrote the opinion, in which Judge King and Senior Judge Davis concurred.

---

**ARGUED**: Eric Hemmendinger, SHAWE & ROSENTHAL, LLP, Baltimore, Maryland, for Appellants/Cross-Appellees. Matthew Hale Morgan, NICHOLS KASTER, PLLP, Minneapolis, Minnesota, for Appellees/Cross-Appellants. **ON BRIEF**: Hyland Hunt, AKIN GUMP STRAUSS HAUER & FELD LLP, Washington, D.C., for Appellants/Cross-Appellees. Timothy C. Selander, NICHOLS KASTER, PLLP, Minneapolis, Minnesota, for Appellees/Cross-Appellants.

---

TRAXLER, Chief Judge:

Government Employees Insurance Company and GEICO General Insurance Company (together, "GEICO") appeal a district court order granting partial summary judgment against them on the issue of liability in an action asserting denial of overtime pay under the Fair Labor Standards Act ("FLSA"), see 29 U.S.C. § 201 et seq. The plaintiffs cross-appeal an order granting partial summary judgment against them on several issues relating to the remedy to be awarded. Concluding that these appeals are interlocutory and we lack jurisdiction to consider them, we dismiss the appeals.

I.

GEICO is in the business of providing insurance. The plaintiffs in this matter are security investigators ("Investigators") who currently work, or previously worked, for GEICO. The Investigators work in GEICO's Claims Department primarily investigating claims that are suspected of being fraudulent. GEICO classifies its Investigators as exempt from the FLSA's overtime pay protections.

In 2010, the plaintiffs filed suit on behalf of a class seeking recovery of overtime pay they claimed GEICO wrongfully withheld in violation of the FLSA and New York state law. The complaint alleges that GEICO improperly classified the Investigator position as exempt from overtime under the FLSA and

4

the law of New York.  See 29 U.S.C. § 213(a); N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2..    The complaint requests compensatory and liquidated damages, among other forms of relief.   After the district court certified the class, the plaintiffs moved for partial summary judgment, and GEICO moved for summary judgment, on the issue of liability.  The district court granted the plaintiffs' motion and denied GEICO's, rejecting as a matter of law GEICO's contention that the Investigators fell within the FLSA's "administrative function" exemption.  See Calderon v. GEICO Gen. Ins. Co., 917 F. Supp. 2d 428 (D. Md. 2012).

The parties later filed cross-motions for summary judgment on several disputed remedy issues.  Considering these motions, the court ruled that because GEICO acted in good faith, GEICO did not act willfully and thus the statute of limitations for plaintiffs' claims extended only for two years.  For similar reasons, the court also ruled that the plaintiffs were not entitled to liquidated damages or prejudgment interest.  And finally, the court determined that because the plaintiffs were paid fixed salaries regardless of the varying number of hours they worked, the method of overtime described in Overnight Motor Transportation v. Missel, 316 U.S. 572 (1942), applied to this case.

The district court then entered a "Stipulated Order Relating to Remedy" that it described as a "final judgment." J.A. 109, 112. That order "contain[ed] a complete formula for the computation of backpay" based on the rulings that the court had made and the parties' stipulations. J.A. 109. The order noted that both parties reserved the right to appeal the rulings of the district court underlying the order and that the order would "have no effect unless a judgment of liability is entered and sustained after all judicial review has been exhausted." J.A. 109. The backpay formula that the order adopted would produce an amount of backpay to which each plaintiff was entitled depending upon the total pay received and the total time worked for each two-week pay period within the applicable limitations period. The order further stated that "[t]he backpay calculations will be performed by a mutually acceptable entity with right of review and confirmation by Defendants' and Plaintiffs' counsel." J.A. 112. It also provided that the district court "shall have jurisdiction to resolve or supervise the resolution of any issue concerning the remedy that the parties are unable to resolve." J.A. 111. There was no limitation on the right of either party to appeal the district court's decisions.

GEICO has now appealed the district court's order granting partial summary judgment to the plaintiffs on the issue of

liability, and the plaintiffs have cross-appealed several of the district court's rulings regarding remedy issues.

II.

Before considering the merits of these appeals, we must determine whether we possess jurisdiction to do so. See Dickens v. Aetna Life Ins. Co., 677 F.3d 228, 229–30 (4th Cir. 2012). Because we conclude that we lack jurisdiction, we dismiss the appeals.

With certain limited exceptions, our appellate jurisdiction extends only to the review of "final decisions of the district courts of the United States." 28 U.S.C. § 1291; see Cobbledick v. United States, 309 U.S. 323, 324-25 (1940); In re Carefirst of Md., Inc., 305 F.3d 253, 255 (4th Cir. 2002). The purpose of this rule "is to combine in one review all stages of the proceeding that effectively may be reviewed and corrected if and when final judgment results." Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546 (1949). "In the ordinary course a 'final decision' is one that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Ray Haluch Gravel Co. v. Central Pension Fund of Int'l Union of Operating Eng'rs & Participating Emp'rs, 134 S. Ct. 773, 779 (2014). Accordingly, "a judgment on liability that does not fix damages is not a final judgment because the assessment of damages is part of the merits of the claim that

7

must be determined." Carolina Power & Light Co. v. Dynegy Mktg. & Trade, 415 F.3d 354, 358 (4th Cir. 2005), abrogated on other grounds by Ray Haluch Gravel Co., 134 S. Ct. at 779-80. On the question of whether an order is final, "[t]he label that a district court attaches to an order it issues does not control." Id.

The finality issue before us is akin to that presented in United States v. F. & M. Schaefer Brewing Co., 356 U.S. 227 (1958). In that case, the plaintiff sued the government seeking to recover for $7,189.59 in federal stamp taxes the plaintiff claimed were illegally collected from it and for interest on the taxes from the date they were paid. See id. at 228. The plaintiff later moved for summary judgment, and, after hearing the motion, the district court filed an opinion on April 14, 1955, finding that the plaintiff had paid $ 7,012.50 in stamp taxes and $177.07 in interest but making no finding concerning on what date or dates those amounts were paid. See id. at 228-29. The district court concluded by stating that the plaintiff's summary judgment motion was granted. See id. at 229. The court Clerk noted the granting of the motion on the docket on the same day. See id. Eventually, on May 24, 1955, the district court issued a formal document entitled "Judgment" that ordered that the plaintiff could recover from the United States $7,189.57 plus interest and costs, for a total of

$7,769.37, and the Clerk entered this judgment on the docket the same day. See id.

On July 21, 1955, the government filed an appeal from the May 24, 1955, order. See id. at 230.[1] The plaintiff filed a motion in the court of appeals to dismiss the appeal, maintaining that it had been taken outside the 60-day period that Federal Rule of Civil Procedure 73(a) allowed for the government to appeal an adverse judgment. See id. The plaintiff argued that the final judgment was entered on April 14, not on May 24, and thus came too late. See id. The court of appeals agreed and dismissed the appeal. See id. The Supreme Court reversed, however. See id. at 236. As is relevant here, the Court noted that in an action seeking monetary damages, a judgment may be embodied in the opinion of the court but only if it "embodies the essential elements of a judgment for money and clearly evidences the judge's intention that it shall be his final act in the case." Id. at 232. The Court held that the April 14 opinion did not meet these requirements because it did not determine on what dates the plaintiff paid the taxes. See id. at 234. Without that

_____

[1] Although the Supreme Court reported that the government's notice of appeal identified the date of the entry of the order appealed from as May 25, 1955, rather than May 24, 1955, see United States v. F. & M. Schaefer Brewing Co., 356 U.S. 227, 230 (1958), that discrepancy is immaterial to the issues before us.

9

determination, it could not be ascertained from the opinion the amount of interest to be added to the amounts the plaintiff had paid.  See id.  Accordingly, the Court concluded that the final judgment was entered on May 24, when the total amount to be recovered was determined.  See id. at 234-36.

The order before us here is not final for similar reasons. It is true that the district court has completed its work on many of the issues that will eventually be used to determine the amount of damages to which each plaintiff is entitled.  However, the order does not embody the essential elements of a money judgment because the court has not found all of the facts necessary to compute the amount of damages due; nor has it determined how the backpay formulas would apply to particular facts.  See Buchanan v. United States, 82 F.3d 706, 707 (7th Cir. 1996) (per curiam) (holding that judgment was not final when "it failed to specify either the amount of money due the plaintiff or a formula by which the amount of money could be computed in mechanical fashion"); see also Associated Stores, Inc. v. Industrial Loan & Inv. Co., 313 F.2d 134, 137 (4th Cir. 1963) (holding that there was no final judgment when the amount of damages depended upon the amount of money collected by one of the parties after a particular date on particular contracts but the district court did not specifically determine that amount). And while the district court's order provides that initial

10

calculations will be performed by an entity acceptable to both the plaintiffs and GEICO, the parties have both retained the right to "review and confirm[]" those determinations and the district court has retained "jurisdiction to resolve or supervise the resolution of any issue concerning the remedy that the parties are unable to resolve." J.A. 111, 112. Thus, it cannot be said of the order before us that it left nothing more for the district court to do than enforce a judgment.

At oral argument, it was argued that Ram v. Paramount Film Distributing Corporation, 278 F.2d 191 (4th Cir. 1960) (per curiam), supports a conclusion that the order here is a final one. We disagree. The issue in that appeal, as in F. & M. Schaefer Brewing Co., concerned the timeliness of an appeal and depended on whether a particular order was final. In that case, motion picture distributors brought suit to recover certain moneys they claimed to be owed them by certain exhibitors of films. See id. at 192. The cases were referred to a Special Master so that he could take testimony and make factual findings and legal conclusions. See id. The Special Master eventually recommended that the plaintiffs were entitled to certain amounts, including interest at 3 percent per year from October 1, 1958, until the date of the judgment. See id. After the district court overruled objections, the court on September 9, 1959, ordered judgment in favor of the plaintiffs as per the

Special Master's recommendation. See id. And on September 10, 1959, the Clerk of Court entered an order confirming the Special Master's report. See id. Twenty days later, on September 30, 1959, the plaintiffs submitted to the Clerk in each of the cases a document entitled "Final Judgment," which set forth the damages each defendant or group of defendants owed each plaintiff with interest from the date of the judgment. See id. However, the calculations were incorrect insofar as the amounts included interest from October 1, 1958, to September 30, 1959, on the amounts the Special Master had found owing; this was erroneous because the Special Master's calculations had already included interest up to October 1, 1958, so that the document submitted to the Clerk on September 30, 1959, "included interest on interest." Id. The Clerk signed these documents and entered them on his docket on October 3, 1959. See id. They were not signed by the judge. See id.

We held that the judgment signed by the district judge on September 9, 1959, and entered by the Clerk on his docket the next day was the final judgment because, while it did not set out the total amount to be paid, that amount was determinable from the statement that a specific sum was due by each defendant with interest at 3 per cent from October 1, 1958. See id. at 193-94. In so doing, we cited F. & M. Schaefer Brewing Co. for the rule that "a money judgment may not be deemed final unless

12

it determines or specifies the means of determining the specific amount of recovery."  Id. at 193.

Ram is distinguishable from the present case, however.  The critical fact in Ram was that the district court in its September 9, 1959, order had already found all the facts and resolved all questions of law necessary to determine the amount of recovery.  All that remained was the ministerial act of performing the necessary calculations.  See Republic Nat. Gas Co. v. Oklahoma, 334 U.S. 62, 68 (1948) ("[I]f nothing more than a ministerial act remains to be done . . ., the decree is regarded as concluding the case and is immediately reviewable.").  That simply is not true of the case before us, where any number of factual or legal issues might arise that will affect the amount of damages, as was reflected by the district court's retention of jurisdiction to resolve any of the parties' disputes regarding the damages determination.  See id. at 70 (noting that while simple application of a formula is ministerial, determinations "requir[ing] the exercise of judgment" are not).  The district court's work was not completed and the judgment thus was not final.

With no final decision to review, we have no choice but to dismiss the appeals before us.  "In a civil damage suit such as this, a judgment for the plaintiff that determines liability for, but does not fix the amount of, damages is appealable

13

solely under 28 U.S.C. § 1292(b), which requires not only appropriate certification by the district court but also application within ten days to the Court of Appeals and that court's grant, in its discretion, of permission to appeal."[2] Pemberton v. State Farm Mut. Auto. Ins. Co., 996 F.2d 789, 791 (5th Cir. 1993). In this case, the district court did not attempt to certify under § 1292(b), and even had it done so, we would lack jurisdiction because there has been no timely application for leave to appeal. See id. Accordingly, we dismiss the appeals.

---

[2] 28 U.S.C. § 1292(b) provides:

When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

At oral argument the possibility was also discussed of certifying the relevant issues under Rule 54(b). See Fed. R. Civ. P. 54(b). However, that rule is inapplicable here, as it pertains only to judgments that entirely dispose of one or more claims. See Liberty Mut. Ins. Co. v. Wetzel, 424 U.S. 737, 742-44 (1976).

14

III.

Concluding that we lack jurisdiction to consider the appeals before us, we dismiss.[3]

DISMISSED

---

[3] We note that should the parties eventually appeal from a final judgment, we would entertain a motion to adopt the briefs and joint appendix from this appeal.