**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-1582**

JIHAD ADBUL-MUMIT; MATTHEW ABEDI; MONICA ADAIR SARGENT; MARK AGEE; ALIZ AGOSTON; YVONNE ALSTON; DAN AMATRUDA; KRISTY AMBROSE; KIMBERLEY AMICK; WANDA G. AMOS; CHRISTOPHER ARAUZA; CARL ARSENAULT; BROOKE ASHER; MICHELLE ATKINS; RAYMOND O. ATKINS; MATTHEW ATWELL; DAVID AUB; SOHA AYYASH; ASIF AZIZ; SUSAN BAILEY; KAREN BAKER; HAB BAKER, III; TERRY BARNES; JOSEPH BARTELL; HARRY L. BARTON; BENJAMIN BASHAM; MATTHEW BASILONE; JOHN BAXTER; JOHN BEASLEY; TIMM BETCHER; ELIZABETH BELEVAN; BARBARA BELL; JUDY BENDER; AMINE BERBALE; JAMES BERLING; SHARON BISDEE; WILLIAM BONNER; WALTER BORDEAUX; GARY BOYETTE; TODD BRADBURY; KAREN BRADBURY; JOHN BRANCATO; WILLIAM BREWSTER; LORI BRODIE; GLORIA BROOKS; ELSE BROWN; MELANIE BROWN; ANGELA BROWN; GARY BROWN; JEANNE BROWN; SYDNEY BRUMBELOW; JAN BURFORD; SARA BURRUSS; JAMIE BURTON; JOSEPH CALDARELLI; JASON CALL; TODD CARLSON; HOWARD L. CARPENTER; CYNTHIA CARTER; FREDERICK CARTER; JACKLYN CASSELLE-TUPPONCE; JARED CASTRO; REBECCA CATLETT; SUSAN CAVE; KIRT CHAPPELLE; LINDA CHEESEBORO; ROGER CHESLEY, JR.; STEVE CHILDRESS; DAN CHO; SUNG CHO; SUNG CHUN; WILLIAM CLARK; LINDA CLUNE; STUART COCHRAN; CHARLES COCHRANE; ANGEL COLLINS; HENRY SHANE COLVIN; KARRI COLVIN; CARLY CONNELLY; ANGIE CONNER; JEREMY CONRAD; PHILIP CORRAO; KIMBERLY CRAWFORD; MARGARET CRITTENDON; APRIL CROCKER; WILLIAM CROMER; JAY CUNNINGHAM; MARY CURTIS; ROBERT DANIELS; DONNA DAVIS; BOYD DAVIS; LISA DAVIS; ROGER DAVIS; MICHELLE DEBROSSE; MICHAEL DECANIO; ALMA DELIA DELEON; JENNIFER DEMARCO; ANTHONY DEPAUL, JR.; GEORGE D. DESPERT, III; CYNTHIA DEVANE; RUTH DIAZ; RON DICKMAN; SHERI DIXSON; SONYA DODSON; JESENIA DOMINGUEZ; TERRY DONALDSON; LATAVIA DREW; ARLENE DREWRY; CHRISTINA DRUGATZ; KAREN DUNCAN; SANDRA K. DUNTON; JEFF EDDY; DEBORAH EDGE; DEBORAH EDGEFIELD; PAMELA EDWARDS; KASEY EIKE; MIRIAH EISENMAN; FREDERICK EITEL; SHARON EKSTRAND; NICOLE ELSESSER; JOSEPH ELTON; KAREN

EVANS; MASE FABAR; FLOYD FALLIN, JR.; JAMES BASHAM; ELIZABETH FARRELL; MARGIE D. FAULS; CAITLIN FEELEY; BARRY FELDMAN; BRIAN FELDMAN; WANDA FERGUSON; JAMES FICKLE; SHIRLEY FICKLE; SCOTT FLORA; THOMAS ROBERT FRANCO; JOHN FRANKLIN; TAMMY FRANKLIN; ANTHONY FREDERICK; TRACY FREDERICK; THOMAS FREEZE; ADAM FURMAN; ALICIA FUSCO; DONNA GADDIS; GUILLERMO GALARZA; IVAN GALLOWAY, JR.; IDA GARNER; WILLIS M. GARY; KURT GERGLE; TARUN GHAI; ELAINE GIBSON; HELEN GILLESPIE; MELODY GILLEY; TANJA GILMORE; BRIAN GLAUB; BARRY GOLDBERG; SCOTT GOODMAN; RICHARD GOULD; TROY L. GRAHAM; GABRIELA GRAJEDA; ELIZABETH GRANT; BRANDI GRAY; CHRISTIE GRAY; JANIE GRAY; VALERIE GRAY; GRAYBERG; AYNDRIA GREEN; DIANA GRIFFIN; PAUL L. GROVER; JESSICA GROVES; DEDRA GUENO; CARL GUSSGARD; ARNOLD GUTMAN; JULIAN GUTTERMAN; TESSIE GUTTERMAN; LISA HAGERTY; LAUREN HAGY; CEDON J. HALEY, JR.; DOROTHY HALPIN; NANCY N. HAMLETT; ERESTINE HARDING; DEBORAH HARE; AQUISI HARRIS; KENDALL HARRIS; MARY HARRIS; PATRICE A. HARRIS; BRIANNA HARRISON; SHARON HARRISON; SHARON HART; LEE ANN HARTMANN; PATRICIA HAUSER; DEANNA HAVERLY; LESLIE HEARN; KATHLEEN HEDRICK; AMANDA HEINLEIN; CHARLES HELMS; ROBERT HENDRICKSON; STEPHEN HERMAN; JAMES HERRINGTON; WILLIAM HESTER, JR.; DEBBIE HETTERLY; NANCY HICKMAN; JEREMY HILLBERRY; GREG E. HINES; ROBERT HITE; BRITTANY HOBAN; PAM HODGES; THURMAN HODGES; CHRISTOPHER HOEHN; CAROLYN HORCHNER; JEFFREY HORCHNER; BETTY HORNICK; JENNIFER HORNING; MAJOR M. HORTON; BITSY HOUSE; ALYSSA HRONOWSKI; TEDDY HUDDLESTON; JERRY HUDSON, SR.; HUBERT HUGHES; SHAY HUNTER; MARK HUSTEAD; CAROL HUTCHINSON; NATHEN ILLIDGE; GEORGE IOANNOU; FRANCES JACOCKS; PATRICIA JACOCKS; JASON JAFFEUX; SALLY JAMES; STACEY JANSEN; JOYCE JANTO; WALTER JEFFRIES; JANICE JENKINS; CHELSEA JOHNSON; MONICA JOHNSON; RASHEEDAH JOHNSON; TODD JOHNSON; DERWOOD JOHNSTON; JOHN JOHNSTONE; CHRISTINA JONES; PAMELA JONES; WILBER B. JONES; RICHARD JORDAN; SANDRA JORDAN; SHERYL JORDAN; JENNIFER JUSTICE; KIM KEATING; CODY KELLY; TERESA KELLY; MELANIE KENYON; JOHN KERR; SHEA KERSEY; HANNAH KIGHT; WILLIAM KIGHT; MIKYUNG KIM; CAROLYN KINES; LARRY KING; SUSAN KING; VERNON KIRBY; DIANA KITE; EDWARD KIZER; PATSY KIZER; JOHN A. KNIGHT; CONNIE KNISELEY; DONNA KNOELL; AMANDA KOZAK; TAMARA KROBERT; FRANK KULOVITZ; CARL KURI; KELLY KUSEK; VICTOR C. KVIETKUS; BRENDA LACKEY; TAMMY LACKEY; MARY LANG; MARKUS LANGE; CATHERINE LANTZ; GLENN LAVINDER; CHRISTOPHER LEGENDRE; BARBARA LEGGETT;

DAVID LEHMAN; CALVIN LEWIS; CALVIN LEWIS; REGINA LEWIS; DELORES LINDBLOM; WILLIAM LIPFORD; ASHLEY LIPPOLIS-AVILES; MIKE LITTMAN; BILLY LLEWELLYN; ROBIN LOVETT; DAVID LOVING; CYANE LOWDEN; KEN LU; JOSHUA LUBECK; ROBERT R. LUCAS; PATRICIA LYONS; WILLIAM LYONS; CHRISTINE MACCASLIN; ANITA MADISON; JOHN MALIZIA; SUZANNE MALIZIA; THOMAS MALONE; STANLEY MARCUS; HEATHER MATSEY; JAMES MATSEY; RODNEY MATTHEWS; SHAWNA MATTOCKS; MATTHEW MATTRO; JEFF MAY; HAROLD MAYHEW, JR.; SHAWN MAYNOR; DIANDRA MAYO; ROBERT MCCARRAHER; PENNY MCCENEY; ROBERT MCCLELLAND; MICHAEL MCCLENNING; ROBERT MCCURDY; JOSEPH MCDANIEL; SUSAN MCFADDEN; WILLIAM MCFADDEN; MARK MCGINLEY; RICHARD MCGRUDER; VICTORIA MCGRUDER; DONALD MCINTIRE; KAREN MELLER; KAREN MELLER; CARMEN MERCADO; SCOTT MEYERS; CAROL MIEGGS; CHRISTY MILLER; DAVID MILLER; RON MILLER; MARIA MING LI; MARY MITCHELL; TERRIE MITCHELL; BANKS MITCHUM; BENJAMIN MOHER; DAVID MOLINARI; JUNG MOON; KAREN MOONEY; BONNIE MOORE; MONTE MORGAN; PHILLIP MORGAN; WILLIAM MORGAN; BRYON MOSS; SUZANNE MOWBRAY; DAVID MULLIGAN; MARY MULLIGAN; NANCY MURRAY; ROGER MYERS; PATRICK NANCE; DENNIS NEGRAN; PENNIE NEWELL; GLEN NEWITT; JACQUI NEWITT; EDWARD NEWMAN, JR.; KEVIN NEWSOME; REVEREDY NICHOLSON; PATRICIA NICOSIA; RANDALL NIXON; KAREN NOLAN; RYAN NOLETTE; BRYAN NORDQUIST; SERGEI NOVITSKY; JONATHAN O'BRIEN; WILLIAM O'FLYNN; KAREN O'NEIL; ADRIAN ODYA-WEIS; DENNIS OLEARY; JOHN OLSEN; TANA RAE OROPEZA; BRIAN OSBORNE; CANDACE OWENS; LYNN PAGE; TANYA PALIK; RONA PALMER; ASHLEY PANNELL; HARRY PAULETTE; TANYA PEAKE; DONNA PEARSON; RICHARD PEARSON; JOHN PEDERSEN; CHRIS PENA; ROY MASON PENNINGTON, III; NICHOLAS PEREZ; GREG PERIGARD; KIM PERKINS; MARK PERRY; BRADY PETERS; KAREN PETERS; THOMAS PETIT; REBECCA PETRELLA; SUSAN PETRIE; ADRIAN PHILLIPS, JR.; ANNE PICCIANO; JOHN PICCIANO; CARL PIERCE; SIVATHANU PILLAI; DEBRA PINES; CHARLES PINKARD; LILIA PINSON; ARLOVE PLUNKETT; TIMOTHY POHLIG; DENISE POINDEXTER; RACHEL POLIQUIN; MARGARET POMEROY; DAVID POORE, III; LAURA POTTER; KATHY POWERS; LINDA PRATT; BERNARD PRESGRAVES; JASON PRICE; DENISE PRYOR; JOSHUA PUCCI; VICTORIA PUCKETT; SARA PULLEN; TONY PULLEY; CYNTHIA QUATTLEBAUM; EVA RALSTON; WILLIAM RALSTON; HANNAH RAMEY; JACQUELINE RANDOLPH; THOMAS RANDOLPH; MICHAEL RANGER; BRAD RANSOM; HENRY REQUEJO; DAVID REYNOLDS; ROSE RICKER; DANNY RIDDLE; ROBIN ROBERT; JOSHUA ROBERTS; MARY ROBERTS; ANNIE ROBINSON; ANTONIO

ROBINSON; ROCKY ROCKBURN; DREW ROPER; TROY ROSIER; ERIC ROTHMAN; BRIAN ROWE; JULIET ROWLAND; JOHN ROWLEY; NANCY ROWSEY; STEPHEN RUBIS; KYLE RUSSELL; JENNIFER RYAN; THOMAS RYDER; JOSEPH SALAZAR; RANDALL SAMPLES; REBECCA SAMUELSON; THOMAS SANCHEZ; AARON SANDERS; ASOK KUMAR SARKAR; TOM SCARCELLA; EDWARD SCEARCE; SHANE SCHLESMAN; WADE SCHWANKE, JR.; GWEN SEAL; AMY SEAY; BRADLEY SEAY; CHARLES SELTMAN; PATTY SENTER; LYNN SETTLE; TIM SEYMOUR; RONALD SHARP; ERNEST SHARPE; SHIRLEY SHAW; STEPHANIE SHELOR; MICHELLE SHIFFLETT; SANDRA SHIFFLETT; JUNE SHORES; D. SHAWN SHUMAKE; NINA SIBERT; ROBERT SILBER; CHRISTIAN SIMMERS; MARY SINGHAS; RANDALL SINGHAS; AMY SMITH; DAPHNE HOPE SMITH; LISA SMITH; STEPHEN SMITH; SUZANNE SMITH; KRISTINE SMOLENS; HOWARD SNYDER; WESLEY SONGER; EMILY SPARKS; BRIAN SPENCER; SVETLANA SPENCER; PATRICIA SPIER; LORI SPIK; DEREK ST. ONGE; RONALD STAFFORD; JONATHAN STARKS; MARK STEPHENS; TERRY STEPP; SARAH STEVENSON; ERIC STEWART; ROXANNE STITH; TIM STOESSEL; JEAN STOTLER; SARA STRAMEL; LARRY STRAYHORN; FRANKLIN STURKEY; BEN SULLENGER; YOLANDA SULLIVAN; JOHN SUTOR; WANDA SUTPHIN; SHARON SWINBURNE; STELLA TANG; ANDREW TAYLOR; ANN TAYLOR; DONNA TAYLOR; JI JI THEKKEVEEDU; CHRISTOPHER THOME; MICHAEL THOME; DAVID THOMPSON; TOM THOMPSON; ASHLI THURSTON; CHRISTOPHER TOKAR; DION TOMER; CLIFFORD TRIMBLE; SERGIO TROMBA; ADELINE TROTTER; JAMES TURNER; JEFFREY TURNER; OWENS TURNER, JR.; MARILYN TWINE; LONNIE URQUHART; CHERI VALVERDE; MIKE VAMMINO; CARRIE VAN HOOK; KATHERINE VANDENBRIEJE; MILCA VARGAS; MARY VAUGHAN; ROBENA VAUGHAN; JESSYCA VENICE; KIMBERLY VEST; CAROL VIERGUTZ; MARYANN VILLIES; PATRICE VOSSLER; AMADA WAGONER; STACY WALLER; GARY WALTON; GRETCHEN WARD; SHELIA WARD; DANIEL WAXMAN; CHRISTOPHER WEAVER; MARGARET WEBB; LAURA WEISIGER; STEPHANY WHIPPLE; DAVID WHITLEY; SARAH WHITLOCK; DIANE WIEN; ROBERT T. WIENER; CHRISTOPHER WILCHER; MINDY WILLIAMS; VINCENT WILLIAMS; HANNAH WILSON; JUANITA WILSON; RIED WILSON; CHARLES WISER; SHARON WISER; MARK WOEHLER; KENNETH WOMACK; EMILY WONG; GREGORY WOODS; KATHERYN WOOSLEY; CAROL WRIGHT; JONATHAN WRIGHT; MARY WRIGHT; THOMAS WRIGHT; TIMOTHY WRIGHT, JR.; LESLIE YAMNICKY; KENNETH YATES; JAMIE YOUNG; SANDRA YOUNG; ROBERT YOUNIE, II; ATEF ZAYD,

Plaintiffs - Appellants,

4

v.

ALEXANDRIA HYUNDAI, LLC; BROWN'S LEESBURG HYUNDAI, LLC; BROWN'S MANASSAS HYUNDAI, LLC; CHECKERED FLAG IMPORTS, INCORPORATED; CHECKERED FLAG STORE #6, LLC; CRAFT AUTOMOTIVE, INCORPORATED; DUNCAN IMPORTS, INCORPORATED; FAIRFAX HYUNDAI, INCORPORATED; FIRST TEAM, INCORPORATED; GATEWAY HYUNDAI, INCORPORATED; HALL AUTOMOTIVE GROUP, INCORPORATED; HALL HYUNDAI NEWPORT NEWS, LLC; HALL HYUNDAI, LLC; HYUNDAI MOTOR AMERICA, INCORPORATED; MILLER AUTO SALES, INCORPORATED; CAVALIER HYUNDAI, INCORPORATED; HARRISONBURG AUTO MALL, LLC; JAMES CITY COUNTY ASSOCIATES, INCORPORATED; MALLOY HYUNDAI; POHANKA AUTO CENTER, INCORPORATED; PRICE HYUNDAI CORPORATION; PRIORITY GREENBRIER AUTOMOTIVE, INCORPORATED; PRIORITY IMPORTS NEWPORT NEWS, INCORPORATED; ROBERT WOODALL CHEVROLET, INCORPORATED; TYSINGER MOTOR COMPANY, INCORPORATED; WBM, INCORPORATED, d/b/a West Broad Hyundai; WRIGHT WAY AUTOMOTIVE, INCORPORATED,

Defendants - Appellees.

---

**No. 17-1587**

---

ALIM ADBURAHMAN; JOHN ABEL; LENA ABEL; TAMARA ADAMS; BRANDON ADAMS; ASHRAS AHMADI; WADHAH AL-HADDAD; CLAUDIA ALLEN; PAUL ALLEN; JAMES ALLER; PEGGY ALLER; JIANPING ALLOCCA; NICOLE ALVARADO; GREGORY AMODEO; ROBERT ANDERSON; SHERRY ANDERSON; DENNIS ANDREW; LINDA G. ANDREWS; TINA ANTLEY; PAULINE APISITPAISAN; MONICA ADAIR ARGENT; GAURAV ARORA; RAMON ARROYO; JAMES E. ASHLEY, JR.; BAKAL ASRAT; ELIZABETH AVALAAN; CHERYL AYCOCK; JOANN K. BACHNER; SHANON BAILESS; CHRISTOPHER BAILEY; ANDY BAKER; BRIAN BAKER; CAROL BAKER; GEORGE BAKER; SUSAN BALLARD; DAVID BALMER; JEFF BARBER; SCOTT BARNITT; LINDA BARR; EMMETT BATTEN; SAMANTHA BEARD CURRY; BRIAN BECKER; ROY BECKER; TONYA BECKER; JOHN BECKNER, JR.; GINA BEEBE; KENNETH BELL; PAMELA BELL; WHITNEY BENSON; RAYMOND J. BERNERO; JOHN BESSERER; COLONEL BILLINGSLY; DANA BISHOP; MICHAEL BIZIK;

5

THOMAS BJERS; PETER BOMBIK; SHARON BONNEAU; VIRGINIA BONNELL; ZESTANN BOOKER; STEPHANIE BORN-NEWTON; JORDAN BOSCH; SHIRLEY BOURNE; CARROL E. BOWEN; JOSEPH BOWE; JANICE BOWLES; JEAN BOWMAN; GRAY BOYCE; RPBERT BRABO, II; CHERYL A. BRADFORD; MARIE BRADLEY; OLIVIA BRADY; PHYLLIS BRANCH; NICOLE BRANDON; JOHNNY W. BRANSON; ELLIOTT ANDREW BRAY; EDMUND P. BREITLING; MARY ANN BRENDEL; MICHELLE BRINDLE; RICHARD BRINDLE; STEVE BRINGHURST; MELANIE BRINK; EDWINA D. BRITT-CRABLE; DANA BROADWAY; BARBARA BROWN; CHRISTINA L. BROWN; DELORES BROWN; JAMES A. BROWN; MATTHEW BROWN; MELANIE BROWN; MELISSA BROWN; NICOLE BROWN; TONY BROWN; PATRICK D. BRYAN; BRIANNE BRYANT; THOMAS J. BULLOCK; BEVERLY W. BURKE; JOYCE BURKE; RICHARD BURKE; MICHAEL BURNAM; JOHN M. BURNETT; DARLENE BURTON; GRACE M. BUTLER; SUZETTE BYRD; JOSEPH CALABRETTA; JAMES CALLIS; CLARE CAMPBELL; DOROTHY CAMPBELL; SETH CAMPBELL; STEVEN CAMPBELL; WHITNEY CAMPBELL; JOYCE CANTRELL; PAUL CAPOZZOLI; PHYLLIS CARIMI; DALE F. CARLEO; DENNIS CARLSON; MARK CARLTON; JAMES CARNEAL; MICHAEL CARPENTER; JOSE CARRASQUILLO; LINDA CARY; LEON CARY; JEFFREY CASH; ILONA CASTRO; ROBERTO CASTRO; JENNY CAVENDER; SHANNON CHAIN; DILIP CHAKRABORTY; BAISHAKHY CHAKRABORTY; ROGER CHELSEA; PETER CHIAMARDAS; MICHAEL CHRISTOPHER; CHERENE CIMBALIST; BENJAMIN CLARK; DANIEL K. CLARK; ELIZABETH CLARK; LARRY CLEMENTS; ROBBIN CLEMENTS; KENDALL S. CLOETER; JEREMY COBB; QUEEN B. COBBS; GARY COCUZZI; JACK VICTOR COHEN; JULIEANNA COLEMAN; CLINTON COLLINS; AMON R. COLLINS, JR.; COLLIN CONNORS; LOLANDA COOPER; SHARON COOPER; EILEEN CORBIN; MICHAEL CORCORAN; KRISTEN CORLEW; GARY COVERSTON; MARINA M. COX; MOSES COX; TAMMY COX; JUSTIN CRONIN; JILL CROWDER; BELINDA CUBBAGE; KELSEY CUBBAGE; BESSIE CUFFEE; DAN CUOMO; BRENDA CURTIS; ELVIS CYPRIANO; STEPHANIE DAENZER; RICHARD L. DAMEWOOD; JON DANCE; WILLIAM DANIEL; BROOKE DAVIES; ANGELA DAVIS; JODY W. DAVIS; MATTHEW DAVIS; JASON DAWSON; LAURIE DAWSON; NELSON DAWSON; PAUL DAWSON; DESIREE DEAN; ANTWAIN DEBERRY; BLAIR DEEM; JENNIFER DEGRAFF; WILLIAM DEJOHN; JOE DELGADO; TOM DELPOZZO; ANTHONY DEPAUL, JR.; MICHAEL DESOUTO; STACY DOBSON; DAVID DOBSON; SONYA DODSON; DAVID DODSWORTH; MASON DOERMANN; YVONNE DOVER; MINNIE DUNFORD; SANDRA K. DUNTON; CHRIS C. DUTTON; DEBORAH EDGEFIELD; KASEY EIKE; MIRIAH EISENMAN; KATHY ELDRETH; TIMOTHY ELLIOTT; THOMAS ENGLISH; KEITH EPPS; CINDY FABER; MASE FABER; LUIS FALCON; JOHN FARMER; BRANDON FARRELL;

CHRIS D. FERGUSON; FARANDA FERGUSON; WANDA FERGUSON; JUNE FERRARA; MICHAEL FERTICH; JAMES FICKLE; SHIRLEY FICKLE; JOSELYN FIELDS; JODI FILIPEK; BEVERLY FINTCH; JENNIFER FLEURET; SUSAN FOFI; RANDALL FOFI; LAURI FOUTZ; TIMOTHY FOUTZ; KATHLEEN FOWLER; THOMAS ROBERT FRANCO; GREG FRANK; JOHN FRANKLIN; RONALD FRASIER; CATHLEEN FREIBURGER; SHARON FRITH; MICHAEL FRUITMAN; ALICIA FUSCO; ADLYN FUTRELL; DOUGLAS FUTRELL; GUILLERMO GALARZA; ANTHONY GALLARDY; IVAN GALLOWAY, JR.; PETER GARTNER; CYNTHIA GASTLEY; SHEILA GAY; JESSICA S. GEARHART; PAMELA EDWARDS; JOHN WILLIAM GENTRY; MARK GEORGE; JOHN GILBERT; DANIELLE KAY GILLELAND; ANGELA GIONIS; JACQUELINE GIOVANNELLI; ADAM G. GOLDSMITH; RICHARD GOULD; CARRINE GRAHAM; CHERYL GRAHAM; RAY GRAHAM; TAMMY B. GRAHAM; KAMERON GRAY-HAROLD; ADAM GRAYBERG; AYNDRIA GREEN; LISA D. GREEN; THOMAS GREICO; ROBERT GRIMES; DAVID GROSS; JOE GROSS; JESSICA GROVES; MEGAN GUILLAUME; MICHAEL GUILLAUME; KELLI GUNTER; LAUREN HAGY; RICHARD HALL; DOROTHY HALPIN; PETE HALSETH; DAVID HAMMOND; RICHARD HAMNER; STACY HARDY; JIM HARNEY; TERESA R. HAROLD; AQUISI HARRIS; ASHLEY HARRIS; CHAD HARRIS; ERVIN M. HARRIS; MARY HARRIS; WILLIAM HARRIS; BRIANNA HARRISON; PATRICIA HARRISON; SHARON HARRISON; JESSE HATHAWAY; CLAUDIA HAVEKOST; DAVID HAYNES; LESLIE HEARN; KATHLEEN HEDRICK; ADAM HEIDEL; TINY L. HENLEY; AMBER HERNANDEZ; ZACHACY HERRERA; F. DALE HERRON; TARENNE HERRON; JENNIFER HESTER; DEBBIE HETTERLY; AMANDA HILL; RONALD HILL; CHRIS HILLAND; SHIRLEY B. HINES; VERON HINES; TIMOTHY HINSON; HEATHER HOBACK; BRITTANY HOBAN; DOMINGA HOBBS; MARY HODGES; CHRISTOPHER HOEHN; JERRY HOLLEY; KEISHA HOLLOWAY; BRENDA HOLMES; JAMES HOLMES, III; TIMOTHY HOLROYD; CHAD HOLSTON; CHARLES HOOFNAGLE; CANDI HOOVER; CHARLIE HOPKINS; MARCIA HORSTMAN; RICHARD HOSKINS; CODY HOWARD; JESSICA HOWARD; AUDREY HUBAND; MAX HUBAND; JOHN HUBBARD; SUZANNE HUBBARD; DAVID HUBER; TEDDY HUDDLESTON; AMY HUDSON; HUBERT HUGHES; DENNY HUNCHES; LINNIE HUPE; SHERRY HUTCHINS; DEBORAH G. JACKSON; MITCHELL JACKSON; STANLEY JACKSON, SR.; TRACY JACKSON; JASON JAFFEUX; BRUCE JAMES; SALLY JAMES; SANDY JAMES; WALTER JEFFRIES, SR.; RANDALL JNBAPTISTE; AUSTIN JOHNSON; AUSTIN JOHNSON; EBORAH L. JOHNSON; DAVID W. JOHNSON; BILLY JONES; CHARLIE JONES; CHRISTINA JONES; JOHN K. JONES; PEYTON P. JONES; WILBUR JONES; PHILIP R. JUDSON; KENNETH JUNGERSON; NANCY JUNGERSON; JENIFER JUSTICE; DAVID KADAS; TINA KADAS; GREGORY KASHIN;

SRINIVAS KATEPALLI; WILLIAM L. KEE; VICTOR G. KEHLER; SEAN KELLER; TERESA KELLER; CHRISTOPHER KELLY; NONA KELLY; VERONICA KELLY; PATRICK KEOUGH; MEE RAN KIM; CARLTON KINARD; DORIS E. KING; KARL KING; JOHN KIRBY; VERNON KIRBY; DIANA KITE; EDWARD KIZER; PATSY KIZER; JOHN KNIGHT; ANN KORKOLIS; FRED KRAUER, JR.; JEAN KUESTER; KATHRYN KUYKENDOLL; DANIEL KWITCHEN; CHIN KWON; DENNIS LAMB; JEANETTE LAMB; KAREN LAMB; JAMES LAMBERT; STEPHANIE LAMM; KATHY LAMPERT; ANDREW W. LANDER; CODY LAUGHINGHOUSE; DAVID LEATHERMAN; BLAIRE S. LEE; KENNETH LEE; JENNIFER LEEMAN; RONALD LEEMAN; JERRY LERMAN; CALVIN LEWIS; HAYES LEWIS; REGINA A. LEWIS; ROY W. LEWIS; KAREN LILLEY; STEPHEN LILLEY; LYLE LINDBERG; ASHLEY LIPPOLIS-AVILES; BILLY LLEWELLYN; WILLIAM LOHMANN, JR.; ROBIN LOVETT; DAVID W. LOVING; KEN LU; MICHELE J. LUIS; MELINDA LUMPKIN; DIRK LYNCH; GINGER LYNCH; PATRICIA LYONS; WILLIAM LYONS; DINNE MACDONALD; DWAYNE MADDOX; SORAYA MAINS; MELISSA MALONE; THOMAS MALONE; REGINA MANNING; TERRANCE MANNING; KIRAN MANTRALA; ANDREA MARCHESE; STANLEY MARCUS; STEVE MARKOVITS; KENNETH MARTIN; RACHEL MARTIN; REYNALDO MARTINEZ; RALPH MARTINI; CLETIOUS T. MASHBURN; LAUREN MATSKO; SHAWNA MATTOCKS; LEO MAYNES; PENNY MCCENEY; STELLA MCCLAIN; WILLIAM MCCLELLAN; ROBERT MCCLELLAND; SUSAN MCCLELLAND; SUSAN MCFADDEN; RICHARD MCGRUDER; VICTORIA MCGRUDER; DONALD MCINTIRE; ANNE MCKENNA; RACHEL MCKENZIE; KENNETH MCKINNEY; TERESA MCLAWHORN; DAVID MEADOWS; RITA MEDLEY; TOMMY MEDLEY; ROBERT MEEKER; MICHAEL MEISTER; KAREN MELLER; CARMEN C. MERCADO; ROBERT E. MICKLE; EDMEE MIGUEZ-GERSTLE; MICHAEL E. MILLER; LISA MILLFORD; MICHAEL MINTZ; MARY MITCHELL; MICHELLE MONROE; CHRIS MOONEY; GARY MOORE; KAREN MOORE; MELODY MORRIS; SUZANNE MOWBRAY; RAYMOND MUELLER; PATRICK MULHERN; DAVID MULLIGAN; LAURENCE MULLIGAN; MARY MULLIGAN; BILLIE MUTTER; MELISSA MUTTER; KEVIN NEWSOME; REVERDY NICHOLSON; SUSAN NOON; SARAH NOVAK; RACHEL NOVERSA; TODD NUNNALLY; JONATHAN O'BRIEN; DARLENE O'DONNELL; JAMES O'DONNELL; PAUL O'KEEFE; TIMOTHY O'MARA; CAROLYN O'NEILL; PAUL J. O'ROURKE; MALCOLM O'SULLIVAN; BRIAN OSBORNE; SARAH OSINSKI; JESSICA OUTER; HERBERT C. OVERSTREET; CANDACE OWENS; CHRISTOPHER PALAZIO; LYNETTE PALMER-FORD; ASHLEY D. PANNELL; MATTHEW PARK; TERRI PARKER; MICAH PARMAN; BHAGVATI PATEL; MUKESH PATEL; PRADIP PATEL; SHREYA PATIL; JOHN PATTIE; JAMES PEARSALL, JR.; DONNA PEARSON; OREST PELECH; CHRIS PENA; ROY M.

PENNINGTON, III; THOMAS PEPE; MARK PERRY; KAREN PETERS; JOHN PETERSON; MARK PETERSON; REBECCA PETRELLA; SUSAN PETRIE; ROBERT PETRUSKA; CLAUDE PETTYJOHN; CARL PIERCE; JANET PIETROVITO; DEBRA PINES; LINDSEY POLI; ANGELA POLINKO; CARLTON POLLARD; DAVID POORE, III; ANTON POPOV; LINDA M. PRATT; JASON PRICE; ROBERT PUAKEA; SARA PULLEN; SARHAN QURAISHI; JAMES RADCLIFFE; MELISSA RADCLIFFE; SCOTT RAMSEY; JACQUELINE RANDOLPH; MICHAEL RANGER; NANCY RANSOME; SHELLIE RENZ; SHERI RESSE; MATTHEW D. REVELLE; STEPHEN RIBBLE; ANITA RICE; LARRY RICE; RICHARD RICHARDSON; CARI RICHARDSON; MICHAEL RICHEY; SARAH RICHEY; MARVIN RIDDICK; DANNY RIDDLE; JENNIFER RIGGER; WAYNE RILEY; TAMRIA RISHER; DANIEL ROBERTS; MARY ROBERTS; SUSAN ROBERTS; GAYE ROBERTSON; SKYLER ROBEY; ANNIE ROBINSON; ANTONIO ROBINSON; KEVIN ROBINSON; PAMELA ROBINSON; ROCKY ROCKBURN; COLETTE ROOTS; DARYL ROOTS; GREGG ROSENBERG; ERIC ROTHMAN; BRIAN ROWE; VIRGINIA A. ROWEN; JULIET ROWLAND; PAUL ROY; RONALD RUCKER; DAVID RUFFNER, JR.; JILL RUFFNER; KRISTYN RUZICKA; JENNIFER RYAN; STEPHEN RYAN; JOSEPH SALAZAR; RACIN SAM; GEORGE SANCHEZ; BONNIE SANDAHL; GARY SARKOZI; JEFF SAUNDERS; JEANNETTE SCHAAR; AILEEN L. SCHMIDT; EDWARD SCHNITTGER; LINDA RUTH SCOTT; GWEN SEAL; AMY SEAY; ANTHONY SELB; DELMAR N. SELDEN; LYNN SETTLE; RICHARD SEYMANN; SHARON SGAVICCHIO; SHA'NESHA SHARPE; ROBERT L. SHELLHOUSE; GARY SHELOR; STEPHANIE SHELOR; BRENDA SHIFFLETT; NINA SIBERT; DAVID SILVERNALE; JESSICA SIMONS; MARY SINGHAS; RANDALL SINGHAS; DONALD SKINNER; RICHARD E. SMITH; SUZANNE SMITH; CYNTHIA L. SNYDER; MANDY SNYDER; HOWARD SNYKER; WESLEY SONGER; JOHN SORESE; RAYMOND M. SOUZA; SHELLIE S. SPADARO; TONY L. SPARKS; LINDA SPRADLIN; SUSAN STANDRIDGE; NANETTE STANLEY; JONATHAN STARKS; EUGENIA STARNES; GARY STECK; REBECCA STECK; ANDREW STEELEY; CAROLYN RENEE STEVENS; SARA STEVENS; SASHA STITT; TIM STOESSEL; CHEVON D. STOKES; EDWARD STOKES; NATHAN STONE; YOLANDA SULLIVAN; DENNIS SUMLIN; JOHNNIE SUMLIN; JOHN SUTOR; WANDA SUTPHIN; STELLA TANG; ANDREW TAYLOR; ANN TAYLOR; KIMBERLY TAYLOR; FREDDY TELLERIA; MATTHEW TENGS; JOHN THACKER; CANDACE TILLAGE; CHRISTOPHER TOKAR; SUSIE TORTOLANI; MARY TRAINOR; ADELINE TROTTER; PEGGY TSACLAS; JAMES TURNER; ROBERT TURNER; RUFUS TUNSTALL; LUCILLE TYLER; TRAVIS TYSINGER; JOHN TYSON; CYNTHIA UTLEY; CARRIE VAN HOOK; DENISE VANGELOS; MILCA VARGAS; ROBERT VARNER; MARY VAUGHAN; ROBENA D. VAUGHAN; KELLY VERHAM; KIMBERLY VEST; CAROL VIERGUTZ;

9

MARY ANN VILLIES; WALLACE VINGELIS; MARVIN WADE; SANDRA WADE; SCOTT WAGGONER; TERESA WAGGONER; MAGI WAGNER; JANE WALLACE; STACY WALLER; SHERYL WALTERS; GARY WALTON; KIMBERLY WARD; CATHERINE WATERS; BERNARD WATTS; MICHAEL WEBB; SCOTT WEBB; MELISSA WEBSTER; SHARON WELLS; STEPHANY WHIPPLE; SARAH WHITLOCK; ROBERT T. WIENER; CHRISTOPHER WILCHER; DAVID WILD; CHRISTINA WILLIAMS; GEORGE WILLIAMS; GINER WILLIAMS; DAGNY WILLS; GARY WILLS; DR. SARAH WILMER; LESLIE WILSON; ROBIN WILSON; THOMAS WINSTON; CHARLES WISER; SARA WOLLMACHER; MIKE WOO; WAYNE H. WOOD; WAYNE WOODHAMS; STACEY T. WOODS; ARTHUR WRIGHT; THOMAS WRIGHT; DAVID WYCKOFF; GINO YANNOTTI; JAMIE YOUNG; JONG YUN; ATEF ZAYD; ANGELA R. ZIMMERMAN; RINGO YUNG,

        Plaintiffs - Appellants,

    v.

ALEXANDRIA HYUNDAI, LLC; BROWN'S LEESBURG HYUNDAI, LLC; BROWN'S MANASSAS HYUNDAI, LLC; CHECKERED FLAG IMPORTS, INCORPORATED; CHECKERED FLAG STORE #6, LLC; CRAFT AUTOMOTIVE, INCORPORATED; DUNCAN IMPORTS, INCORPORATED; FAIRFAX HYUNDAI, INCORPORATED; FIRST TEAM, INCORPORATED; GATEWAY HYUNDAI, INCORPORATED; HALL AUTOMOTIVE GROUP, INCORPORATED; HALL HYUNDAI NEWPORT NEWS, LLC; HALL HYUNDAI, LLC; HYUNDAI MOTOR AMERICA, INCORPORATED; MILLER AUTO SALES, INCORPORATED; CAVALIER HYUNDAI, INCORPORATED; HARRISONBURG AUTO MALL, LLC; JAMES CITY COUNTY ASSOCIATES, INCORPORATED; MALLOY HYUNDAI; POHANKA AUTO CENTER, INCORPORATED; PRICE HYUNDAI CORPORATION; PRIORITY GREENBRIER AUTOMOTIVE, INCORPORATED; PRIORITY IMPORTS NEWPORT NEWS, INCORPORATED; ROBERT WOODALL CHEVROLET, INCORPORATED; TYSINGER MOTOR COMPANY, INCORPORATED; WBM, INCORPORATED, d/b/a West Broad Hyundai; WRIGHT WAY AUTOMOTIVE, INCORPORATED,

        Defendants - Appellees.

―――――――――

**No. 17-1611**

―――――――――

LINDA RUTH SCOTT, individually and on behalf of all other Virginia owners similarly situated; DANIELLE KAY GILLELAND; JOSEPH BOWE; MICHAEL DESOUTO,

Plaintiffs - Appellants,

and

JOHN WILLIAM GENTRY, individually and on behalf of all other Virginia owners similarly situated,

Plaintiff,

v.

HYUNDAI MOTOR AMERICA, INCORPORATED,

Defendant - Appellee.

_____

Appeals from the United States District Court for the Western District of Virginia, at Charlottesville.   Norman K. Moon, Senior District Judge.  (3:13-cv-00030-NKM-RSB; 3:14-cv-00002-NKM-RSB; 3:14-cv-00005-NKM-RSB)

_____

Argued: May 9, 2018                                                    Decided: July 13, 2018

_____

Before THACKER and HARRIS, Circuit Judges, and SHEDD, Senior Circuit Judge.

_____

Dismissed in part, affirmed in part by published opinion.  Judge Thacker wrote the opinion, in which Judge Harris and Senior Judge Shedd joined.

_____

**ARGUED:**  James B. Feinman, JAMES B. FEINMAN & ASSOCIATES, Lynchburg, Virginia, for Appellants.   Shon Morgan, QUINN EMANUEL URQUHART & SULLIVAN LLP, Los Angeles, California, for Appellees. **ON BRIEF:**  Jakarra J. Jones, Richmond, Virginia, James F. Neale, MCGUIREWOODS LLP, Charlottesville, Virginia; David Cooper, QUINN EMANUEL URQUHART & SULLIVAN LLP, New York, New York, for Appellees.

_____

11

THACKER, Circuit Judge:

This appeal arises from the dismissal of three consumer actions based on Virginia state law claims. The actions focus on a series of misrepresentations made by Hyundai Motor America ("Hyundai") regarding the Environmental Protection Agency ("EPA") estimated fuel economy for the 2011, 2012, and 2013 models of the Hyundai Elantra. A Judicial Panel on Multidistrict Litigation ("JPML") consolidated dozens of similar consumer suits in the United States District Court for the Central District of California (the "MDL court"). But the JPML remanded to the United States District Court for the Western District of Virginia the three actions at issue in this appeal: *Gentry v. Hyundai Motor Am., Inc.*, No. 3:13-cv-00030; *Adbul-Mumit v. Hyundai Motor Am., Inc.*, No. 3:14-cv-00005; and *Abdurahman v. Alexandria Hyundai, LLC*, No. 3:14-cv-00002.

The Western District of Virginia dismissed with prejudice the claims in all three actions, save one claim in the *Gentry* action, for failure to satisfy federal pleading standards. Because one claim remains pending before the district court, we dismiss the *Gentry* appeal for lack of jurisdiction. We affirm the district court's dismissal of the *Adbul-Mumit* and *Abdurahman* actions and its denial of the plaintiffs' post-dismissal request for leave to amend their complaints in those actions.

I.

A.

In 2011 and 2012, a series of Hyundai advertisements claimed that 2011–2013 models of the Hyundai Elantra delivered an EPA fuel economy rating of 40 miles per gallon. But according to the United States Department of Justice and the California Air

12

Resources Board, Hyundai used improper testing parameters to calculate greenhouse gas emissions. *See United States v. Hyundai Motor Co.*, 77 F. Supp. 3d 197, 198–99 (D.D.C. 2015). Hyundai used those parameters to compute an inaccurate fuel economy estimate. On November 2, 2012, after discussions with the EPA, Hyundai issued a press release adjusting the fuel economy rating "by one or two mpg" for "most vehicle[s]." J.A. 398.[1] Hyundai ultimately agreed to pay the largest civil penalty in the history of the Clean Air Act: $93,656,600 to the United States and $6,343,400 to the California Air Resources Board. *See Hyundai and Kia Clean Air Act Settlement*, EPA, https://www.epa.gov/enforcement/hyundai-and-kia-clean-air-act-settlement (June 19, 2018) (saved as ECF opinion attachment). Hyundai also forfeited greenhouse gas emissions credits valued "in excess of $200 million." *Id.*

B.

Numerous consumer lawsuits followed. On February 6, 2013, the JPML consolidated more than 50 suits in the Central District of California. Shortly after consolidation, plaintiffs in several consumer suits claimed to have reached a settlement with Hyundai for a single nationwide class. The proposed class consisted of "[a]ny individual who owned or leased a Class Vehicle on or before November 2, 2012." J.A. 1061. The proposed settlement permitted class members to either take a lump sum payment or participate in a reimbursement program offered by Hyundai.

---

[1] Citations to the "J.A." refer to the Joint Appendix filed by the parties in this appeal.

In late 2013 and early 2014, consumers in Virginia filed the three actions at issue in this appeal, alleging state law consumer protection claims. Each asserts the same three Virginia state law causes of action: (1) a Lemon Law claim;[2] (2) a Virginia Consumer Protection Act claim; and (3) a false advertising claim. *Gentry* involves a class action complaint with five named plaintiffs filed in the District Court for the Western District of Virginia on August 13, 2013. The named plaintiffs purport to represent a class of similarly situated consumers who purchased Elantras in Virginia. *Abdurahman* and *Adbul-Mumit* are mass tort actions filed in Virginia state court on December 18, 2013, and January 10, 2014, respectively. These two actions were removed to the Western District of Virginia in early 2014. Hyundai moved to dismiss the complaints in all three actions.

In June 2014, before the district court ruled on the motions to dismiss, the JPML transferred *Gentry*, *Adbul-Mumit*, and *Abdurahman* to the MDL court in the Central District of California so as to participate in the ongoing settlement efforts. And, in 2015, the MDL court certified a class for settlement purposes and approved the settlement that permitted class members to either take a lump sum payment or participate in a reimbursement program offered by Hyundai. The JPML later entered remand orders on September 9, 2015, with respect to *Gentry*, *Adbul-Mumit*, and *Abdurahman*, remanding to the Western District of Virginia all plaintiffs who either (1) opted out of the settlement or

---

[2] Pursuant to Virginia's Lemon Law, "[a]ny consumer who suffers loss by reason of" a motor vehicle manufacturer's failure to "conform the motor vehicle to any applicable warranty" may bring a civil action. Va. Code §§ 59.1-207.13–14.

(2) were not members of the certified class (*i.e.*, individuals who purchased Elantras after November 2, 2012).

## C.

Upon remand to the Western District of Virginia, the parties filed status reports with the district court. In its status report, Hyundai asserted, "[T]he current complaints are outdated and will only promote confusion going forward" because the complaints "include a mix of pre- and post November 2, 2012 consumers, as well as many settlement class members who did not opt out of the settlement." Hyundai Status Report at 6, *Gentry v. Hyundai Motor Am.*, No. 3:13-cv-00030 (W.D. Va. Aug. 14, 2013; filed Jan. 8, 2016) ECF No. 82.[3] Thereafter, on June 21, 2016, the district court allowed the plaintiffs in each action 21 days to amend their respective complaints, observing that "the complaints now may be stale and in need of updating." Order to Confer at 2, *Gentry*, ECF No. 86 (filed June 21, 2016). Of note, the district court warned that, if the plaintiffs declined to amend, "the original complaints will be deemed operative" and Hyundai may "renew[] their original motions to dismiss." *Id.* at 3. The 21 day deadline passed without amendment.

Nonetheless, the district court granted plaintiffs an additional 20 days to amend. The district court noted that Hyundai had "sought [clarification] from Plaintiffs for almost two years" and that the "cases ha[d] lingered in a state of inactivity for too long." Order

---

[3] The district court did not consolidate the three actions. However, all citations to court filings in this opinion appeared in the proceedings before the Western District of Virginia. *Gentry v. Hyundai Motor Am.*, No. 3:13-cv-00030, No. 3:14-cv-00002, No. 3:13-cv-00005, 2017 WL 354251 (W.D. Va. 2017).

Granting Extension at 2, *Gentry*, ECF No. 89 (filed July 22, 2016).  The district court again warned that it did "not intend to further extend this deadline" and that the "prior complaints [will] become operative" if the plaintiffs failed to amend.  *Id.* at 3.  Once again, the plaintiffs failed to amend.

On August 22, 2016, Hyundai moved to dismiss all pending claims in *Gentry*, *Adbul-Mumit*, and *Abdurahman*.  On January 23, 2017, the district court granted the motion in part, dismissing all claims with the exception of one claim in the *Gentry* action.  In doing so, the district court observed that the complaints did not satisfy the Federal Rule of Civil Procedure 8(a)(2) pleading standard, as explained in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  Specifically, the district court held that the complaints "fail[ed] to identify the factual basis for claims by any plaintiff or identify the plaintiffs themselves in the body of the pleading."  J.A. 1471 (internal quotation marks omitted).  The district court also articulated several Virginia state law grounds for dismissal.  *See id.* at 1473 ("Aside from insufficient pleading, there are additional legal bases to dismiss the . . . claims.").

The plaintiffs filed a motion to reconsider and sought leave to amend their dismissed complaints.  At no point throughout the entirety of the litigation, however, did the plaintiffs provide the district court with proposed amended complaints.  The district court denied the motion to reconsider, and the plaintiffs in each action filed a timely notice of appeal.  We consolidated the appeals.

16

## II.

## Appellate Jurisdiction

At the outset, we must determine the extent of our jurisdiction. In consolidated appeals, "each constituent case must be analyzed individually . . . to ascertain jurisdiction." *Hall v. Hall*, 138 S. Ct. 1118, 1128 (2018); *see Tri-State Hotels, Inc. v. F.D.I.C.*, 79 F.3d 707, 711 (8th Cir. 1996) ("[W]hen . . . the consolidation is an arrangement for joint proceedings and convenience, then each suit retains its individual nature, and appeal in one suit is not precluded solely because the other suit is still pending before the district court." (internal quotation marks and citation omitted)); *Americana Healthcare Corp. v. Schweiker*, 688 F.3d 1072, 1083 (7th Cir. 1982) (determining appellate jurisdiction of each action consolidated on appeal). This court possesses jurisdiction over appeals "from all final decisions of the district courts of the United States." 28 U.S.C. § 1291. A final decision "is one that ends the litigation . . . and leaves nothing for the court to do but execute judgment." *Calderon v. GEICO Gen. Ins. Co.*, 754 F.3d 201, 204 (4th Cir. 2014) (quoting *Ray Haluch Gravel Co. v. Cent. Pension Fund of Int'l Union of Operating Eng'rs & Participating Emp'rs*, 571 U.S. 177, 183 (2014)).

We possess jurisdiction over the *Adbul-Mumit* and *Abdurahman* appeals because the district court dismissed those actions in their entirety. *See* J.A. 1477 ("[T]he motions to dismiss those cases will be granted."). But with respect to the *Gentry* appeal, one claim remains pending before the district court. Counsel for *Gentry* concedes that the district court did not enter a final order in that action. Oral Argument at 12:50, *Adbul-Mumit v. Alexandria Hyundai, LLC*, No. 17-1582 (4th Cir. May 9, 2018)

17

http://www.ca4.uscourts.gov/oral-argument/listen-to-oral-arguments. Mr. Gentry nonetheless urges us to exercise jurisdiction over his appeal to "correct" a jurisdictional mistake of the district court. *Id*. He alleges that the district court dismissed claims that were never remanded to the Western District of Virginia by the MDL court. The record belies this allegation. The district court correctly noted, "Mr. Gentry is the only remaining . . . plaintiff" in the *Gentry* action because "the other four named class representatives were not remanded by the MDL." J.A. 1451. Accordingly, we dismiss the *Gentry* appeal for lack of appellate jurisdiction.

III.

*Twombly* and *Iqbal*

We turn to the remaining *Adbul-Mumit* and *Abdurahman* appeals.[4] The district court dismissed those actions for failure to satisfy the federal pleading standards pursuant to *Bell Atl. Corp. v. Twombly*, 550 U.S. 554 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Yet Appellants make no reference to *Twombly* or *Iqbal* in either their opening or reply briefs. Instead, Appellants rely upon their challenges to the district court's alternate grounds for dismissal, which rest on Virginia state law. We must therefore determine whether Appellants abandoned a challenge to the district court's dismissal of the complaints pursuant to *Twombly* and *Iqbal*.

This court makes "no habit of venturing beyond the confines of the case on appeal to address arguments the parties have deemed unworthy of orderly mention." *United States*

_____

[4] We refer to the plaintiffs in those actions as "Appellants."

18

*v. Holness*, 706 F.3d 579, 591–92 (4th Cir. 2013). We apply abandonment and waiver principles to "provide a substantial measure of fairness and certainty to the litigants who appear before us." *Id*. at 592. Accordingly, "contentions not raised in the argument section of the opening brief are abandoned." *United States v. Al-Hamdi*, 356 F.3d 564, 571 n.8 (4th Cir. 2004). Whether to decide pertinent, unraised arguments is a matter vested to our discretion. *See Rice v. Rivera*, 617 F.3d 802, 808 n.4 (4th Cir. 2010); *A Helping Hand, LLC v. Baltimore Cty.*, 515 F.3d 356, 369 (4th Cir. 2008).

On this record, we decline to invent an argument in support of Appellants' complaints. The district court could not have been more clear that Appellants' failure to satisfy federal pleading standards constituted an independent basis for dismissal. Indeed, the order contained a separate subheading dedicated to the issue: "*Abdurahman* and *Adbul-Mumit* -- Analysis of Motions to Dismiss. I. Failure to Properly Plead Claims." J.A. 1471.[5] The district court framed all other grounds for dismissal as alternative holdings. *Id.* at 1473 ("*Aside from insufficient pleading*, there are additional legal bases to dismiss." (emphasis supplied)).

Upon denying Appellants' motion to reconsider, the district court *again* reiterated the insufficiency of the pleading:

_____

[5] The district court's core concern at dismissal was that "the individual plaintiffs are simply named in the caption [of the complaint] and not mentioned again by name" and that all defendants are "lump[ed]" together with general allegations. J.A. 1471, 1472. The district court held, quite clearly, that this rendered their complaints deficient under *Twombly* and *Iqbal*. *See id*. at 1472 ("While each and every unique fact is not required, federal pleading standards nevertheless control in federal court, and the Complaints here fail those standards." (internal quotation marks and citation omitted)).

> Most obviously, the Court provided 'independent basis for dismissal' by concluding 'the *Abdurahman* and *Adbul-Mumit* Complaints failed to satisfy federal pleading standards': The Complaints do not make a single, specific allegation about even one of hundreds of named plaintiffs, much less about any of the seven, remaining . . . plaintiffs. Other arguments . . . are simply recapitulations of their previously-rejected arguments that are improper on reconsideration.

Mem. Op. Denying Mot. to Reconsider at 6, *Gentry v. Hyundai Motor Am.*, No. 3:13-cv-00030 (W.D. Va. Aug. 14, 2013; filed Apr. 6, 2017) ECF No. 119.

Despite these clear holdings, Appellants make no citation to *Twombly*, *Iqbal*, or even Rule 8 of the Federal Rules of Civil Procedure (establishing the federal pleading standard) in their 55 page opening brief. And the Virginia state law arguments that Appellants raise are irrelevant to the concern that Appellants' complaints failed to satisfy pleading standards in federal court.[6]

Thus, we hold that Appellants have waived their challenge to the district court's conclusion that the complaints failed to satisfy federal pleading standards. Because this constituted an independent basis for the order below, we affirm the district court's dismissal of the *Abdurahman* and *Adbul-Mumit* actions.

---

[6] Appellants filed their complaints in Virginia state court, and the actions were later removed to federal court. Responsible pleading practice compels counsel to carefully consider whether his or her complaint satisfies federal pleading standards upon removal. *See* 14B Charles Alan Wright et al., Federal Practice and Procedure § 3738 (4th ed.) ("[I]t has been settled by numerous cases that the removed case will be governed by the Federal Rules of Civil Procedure and all other provisions of federal law relating to procedural matters.").

20

IV.

Denial of Leave to Amend

Appellants also argue that the district court improperly denied their post judgment motions for leave to amend their complaints. We review a district court's denial of a post-judgment motion for leave to amend for abuse of discretion. *See Laber v. Harvey*, 438 F.3d 404, 427–28 (4th Cir. 2006).

A.

Appellants contend that the district court abused its discretion because Appellants did not have the benefit of a "definitive ruling" before their complaints were dismissed with prejudice. Oral Argument at 6:55–9:05, *Adbul-Mumit v. Alexandria Hyundai, LLC*, No. 17-1582 (4th Cir. May 9, 2018) http://www.ca4.uscourts.gov/oral-argument/listen-to-oral-arguments. According to Appellants, only a district court's "definitive ruling" on the pleadings is sufficient to place a plaintiff on notice of any deficiencies in the complaint and the possibility that the action might be later dismissed with finality. In other words, Appellants see "no need to amend until there's a reason to amend." *Id.* at 7:30.

Appellants' position has some degree of support in the Second and Seventh Circuits. *See Lorely Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015) ("Without the benefit of a [definitive] ruling [on the pleadings], many a plaintiff will not see the necessity of amendment."); *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. and Nw. Ind.*, 786 F.3d 510, 523 n.3 (7th Cir. 2015) ("A district court does not have the discretion to remove the liberal amendment standard by . . . requiring plaintiffs to propose amendments before the court rules on a Rule 12(b)(6) motion on pain of forfeiture

21

of the right to amend."). Even so, those circuits still allow the district court to dismiss with prejudice, without first issuing a definitive ruling, in some circumstances. *See Lorely Fin.*, 797 F.3d at 190 ("Our opinion today . . . leaves unaltered the grounds on which denial of leave to amend has been long held proper."); *Runnion*, 786 F.3d at 519–20 ("*Unless it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted*, the district court should grant leave to amend after granting a motion to dismiss." (emphasis supplied)).

Other circuits do not categorically require a district court to issue a definitive ruling before dismissal with prejudice. *See Rollins v. Wackenhut Serv., Inc.*, 703 F.3d 122, 131 (D.C. Cir. 2012) (affirming district court's dismissal with prejudice of a complaint without a prior definitive ruling); *Pet Quarters, Inc. v. Depository Trust & Clearing Corp.*, 559 F.3d 772, 782 (8th Cir. 2009) (affirming dismissal with prejudice on futility grounds without prior opportunity to amend); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) (affirming sua sponte dismissal with prejudice of meritless complaint).

Categorically requiring a district court to *first* provide a "definitive ruling" before dismissal with prejudice impedes a district court's inherent power to manage its docket. *See Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016) ("[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases."). Likewise, such a requirement would be at odds with our general rule that the nature of dismissal is a matter for the discretion of the district court. *See Carter v. Norfolk Cmty. Hosp. Ass'n, Inc.*, 761 F.2d 970, 974 (4th Cir. 1985) ("[D]ismissal under Rule 12(b)(6) is . . . with prejudice unless it specifically orders

22

dismissal without prejudice. *That determination is within the district court's discretion.*" (emphasis supplied)). Moreover, adopting the type of bright line rule Appellants urge would place an unyielding impetus on the district court to resolve pleading deficiencies, regardless of previous opportunities to amend or other extenuating circumstances. That is not the role of the court. The district court does not serve as a legal advisor to the parties, nor is a dispositive motion a "dry run" for the nonmovant to "wait and see" what the district court will decide before requesting leave to amend.

Instead, we leave the nature of dismissal to the sound discretion of the district court. *See Carter*, 761 F.2d at 974.

## B.

Plaintiffs whose actions are dismissed are free to subsequently move for leave to amend pursuant to Federal Rule of Civil Procedure 15(b) even if the dismissal is with prejudice. *See Laber*, 438 F.3d at 427–28. Appellants here did just that. *See* Mem. Supp. Mot. to Reconsider at 14, *Gentry v. Hyundai Motor Am.*, No. 3:13-cv-00030 (W.D. Va. Aug. 14, 2013; filed Feb. 8, 2017) ECF No. 112. We turn to that issue now.

We review a district court's denial of leave to amend for abuse of discretion. *Laber*, 438 F.3d at 427–28. "A court should evaluate a postjudgment motion to amend the complaint 'under the same legal standard as a similar motion filed before judgment was entered.'" *Katyle v. Penn Nat. Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011) (quoting *Laber*, 438 F.3d at 427). Motions for leave to amend should generally be granted in light of "this Circuit's policy to liberally allow amendment." *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010). However, a district court may deny leave to amend "when the

23

amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986).

Prejudice to the opposing party "will often be determined by the nature of the amendment and its timing." *Laber*, 438 F.3d at 427. Generally, "[t]he further the case progressed before judgment was entered, the more likely it is that [subsequent] amendment will prejudice the defendant." *Id.* We look to the "particular circumstances" presented, including previous opportunities to amend and the reason for the amendment. *Scott v. Family Dollar Stores, Inc.*, 733 F.3d 105, 118–19 (4th Cir. 2013) (granting leave on a plaintiff's first request for leave where the "proposed amended complaint merely elaborates on an allegation in the original complaint"); *see also Laber*, 438 F.3d at 427–28 (considering both the timing of the amendment and the "alternative theory" for relief it advanced).

Reviewing the record here, we discern no abuse of discretion. The circumstances of the litigation below compel our conclusion that the nature and timing of the amendment would prejudice Hyundai.[7] Throughout the litigation below, Hyundai repeatedly

---

[7] Moreover, the misleading and inconsistent assertions made on behalf of Appellants here also indicate bad faith. During oral argument, Appellants' counsel contended that he "asked seven times for leave to amend," but later conceded that these requests occurred "during" the period the district court had already granted leave to amend. Oral Argument at 6:20, 10:30, *Adbul-Mumit v. Alexandria Hyundai, LLC*, No. 17-1582 (4th Cir. May 9, 2018) http://www.ca4.uscourts.gov/oral-argument/listen-to-oral-arguments. This is nonsensical. Further, these requests were only mentioned, in passing, in emails to the

24

challenged the sufficiency of Appellants' complaints -- specifically on the ground that the complaints failed to plead facts pertinent to individual plaintiffs and defendants. These pleading deficiencies were the subject of status reports, meetings, and eventually a motion to dismiss. *See* Hyundai Status Report at 6, *Gentry*, ECF No. 82 (filed Jan. 8, 2016) ("Until the plaintiffs and their claims are identified, the parties do not have a meaningful reference point [to proceed]."); Resp. to Appellants' Letter at 2, *Gentry*, ECF No. 88 (filed July 13, 2016) ("[Hyundai has] been requesting this same information since August, 2014 . . . . The information is necessary to determine who is actually a plaintiff in the remanded matters."); Meet and Confer Report at 4–5, *Gentry*, ECF No. 90 (filed Aug. 22, 2016) ("It is in everyone's best interest to know who and how many plaintiffs are involved in this case . . . . [Hyundai] should not have to devote more resources trying to figure out who is suing them."); Mem. Supp. Mot. to Dismiss at 5, *Gentry*, ECF No. 91 (filed Aug. 22, 2016) ("Without identification and verification of those individuals actually alleging an injury, plaintiffs' claims should be dismissed."). Given that the MDL court remanded only some of the named plaintiffs' cases because these plaintiffs did not fall within the MDL class, Hyundai's demands were not unreasonable. Further, because the MDL court remanded the claims of only certain plaintiffs to the Western District of Virginia, the barebones

---

district court. Counsel never brought forward proposed amendments for the district court's consideration.

Counsel also represents that although he repeatedly "attempted" to seek leave, he "didn't think there was jurisdiction to amend" the complaints. Oral Argument at 34:30. Surely both cannot be true. Again -- nonsensical.

25

complaints rendered impossible the district court's efforts to determine the extent of its jurisdiction.[8]

All of this time and energy, largely focused on the deficiency of the complaints, spanned the entirety of the 2016 calendar year. In June 2016 -- in the heat of this litigation concerning the sufficiency of the complaints -- the district court *twice* granted Appellants leave to amend and explained "that the complaints may now be stale and in need of updating." Order to Confer at 2, *Gentry*, ECF No. 86 (filed June 21, 2016). Specifically, the district court stated,

> [Amendment] might be further warranted because the [*Adbul-Mumit* and *Abdurahman* actions] contain dozens, if not hundreds, of named plaintiffs and defendants. Indeed, parts or all of these cases may be duplicative of *Gentry*. Furthermore, Defendants previously filed motions to dismiss the complaints in all three cases, but those motions were not resolved on the merits . . . . Given the proceedings in the MDL, the voluminous nature of the complaints, their possible duplication, and the fact Defendants never had their motions to dismiss adjudicated on the merits, the Court is attuned to the possibility that the complaints may now be stale and in need of updating.

*Id*. (internal citations omitted). After Appellants failed to meet the district court's original 21 day deadline, the court granted Appellants an additional 20 days. But once again, Appellants failed to amend.

---

[8] Appellants allege that Hyundai is also in possession of information that would help inform the district court of the extent of its jurisdiction. Appellants' Br. at 41. This misses the point. The plaintiff is the master of the complaint and it is not incumbent on defendants to cure its deficiencies.

And still, even after status reports, opportunities to amend, dispositive motions, dismissal with prejudice, and a post-judgment motion for leave to amend, Appellants have not once provided the district court with a proposed amendment purporting to cure the deficiencies. *See* Oral Argument at 6:40–6:55, *Adbul-Mumit v. Alexandria Hyundai, LLC*, No. 17-1582 (4th Cir. May 9, 2018), http://www.ca4.uscourts.gov/oral-argument/listen-to-oral-arguments.

Faced with such resolute adherence to deficient complaints, the district court's decision to dismiss with prejudice was well within its discretion under the facts of this case.

V.

For the foregoing reasons, we dismiss the appeal in the *Gentry* action and affirm the district court's dismissal of the *Adbul-Mumit* and *Abdurahman* actions.

*DISMISSED IN PART,*
*AFFIRMED IN PART*

27